## GEORGE DWIGHT, JR. *vs.* LUDLOW MANUFACTURING COMPANY.

Hampden.    Jan. 7. — Feb. 27, 1880.    COLT & LORD, JJ., absent.

A. proposed by letter to B. to put the gutter of a mill "in proper shape." B.'s letter of acceptance stated A.'s proposal to be to "repair and renew so far as necessary the gutter." *Held,* that the contract contained in the letters required A. only to make such repairs and renewals that the gutter should do all that it was capable of doing, when in good condition, according to its original plan of construction, and not to build a new gutter of a different construction, even if the original plan was defective.

CONTRACT upon an agreement contained in the following letter from the plaintiff to the defendant, dated May 14, 1875: "We hereby propose to furnish the material and put up complete the roof and upper floor of Mill No. 1, the plan and material to be the same as upon Mill No. 2, with the following changes and additions. . . . Price for the above, twenty-five hundred dollars. We also propose to put gutter of No. 2 Mill in proper shape without charge;" — and in the following letter

from the defendant to the plaintiff, dated May 15, 1875: "Your proposition of the 14th inst., to furnish material and complete the work of rebuilding roof and upper floor of Mill No. 1 Ludlow Manufacturing Co., and repair and renew so far as necessary the gutter of Mill No. 2, for the sum of twenty-five hundred dollars, duly received and accepted."

The case was referred by rule of court to an arbitrator, who reported that the original plan of construction of the gutter on Mill No. 2 was defective in that the flashing did not extend a sufficient width under the roof, and in the gutter being insufficiently supported; that, at the time the contract was made, forty feet of the gutter, which was originally three hundred and forty-eight feet long, had broken down and required to be rebuilt; that the plaintiff offered to rebuild this part, and to repair the whole gutter upon the plan of its original construction; that, to put the gutter in absolutely proper shape so as to make it a perfect gutter, it was necessary that it should all be taken down, and new supports put under it, so as to substantially construct it anew, and to increase the width of the flashing; and that the defendant required these things to be done, and contended that the plaintiff was bound to do them under the contract; but on the plaintiff's refusing to do more than he offered as above stated, the defendant refused to let him perform the work.

The arbitrator awarded that, if the plaintiff's interpretation of the contract was correct, (as in his opinion it was,) the plaintiff was entitled to judgment for the sum of $873; otherwise, for the sum of $388; and submitted the question of the construction of the contract to the court.

The Superior Court ordered judgment for the plaintiff for the larger sum; and the defendant appealed to this court.

*W. L. Smith*, for the plaintiff.

*E. H. Lathrop*, for the defendant.

AMES, J. The interpretation of the contract adopted by the arbitrator was, in our judgment, the only one which it would bear. The plaintiff's letter contains a proposition " to put the gutter of mill No 2 in proper shape without charge." This was very far from a proposition to furnish a new gutter of a different construction. The defendant's letter accepting the proposition requires the plaintiff to " repair and renew, so far as necessary, the

gutter of Mill No. 2." This form of expression can only mean that the plaintiff was to make such repairs and renewals that the existing gutter should do all that it was capable of doing, when in good condition, according to its original construction. The result is that the plaintiff is entitled to judgment for the larger of the two sums reported by the arbitrator.

*Judgment affirmed.*