### WILLIAM J. VASS *vs.* ELIZABETH A. W. WALES.

Suffolk. March 15. — June 28, 1880. AMES & LORD, JJ., absent.

The acceptance of a lease containing a covenant that the lessee will give up the demised premises to the lessor at the end of the term in as good order and condition "as the same now are or may be put into by the lessor," is a sufficient consideration for an agreement, executed and delivered by the lessor contemporaneously with the lease, which refers in terms to the lease, and in which the lessor binds himself to make forthwith certain repairs upon the premises.

An agreement to submit to arbitration, the effect of which is to oust the courts of jurisdiction, is invalid.

An agreement, executed and delivered by a lessor contemporaneously with a lease of certain greenhouses, recited that the boiler and heating apparatus were not in satisfactory order, and other small repairs were needed in and upon the houses; and, in consideration of the lease, the lessor agreed to put the boilers and heating apparatus in good working order, to furnish the lumber required to repair the benches, and to put the houses "generally in good working order." *Held*, that he was required to do only the work in and upon the greenhouses themselves, necessary to put them in good order; and not to place guards on the roof of an adjacent building on the demised premises to protect the greenhouses from snow and ice which might slide from that roof.

CONTRACT upon an agreement in writing. At the trial in the Superior Court, before *Colburn*, J., the jury returned a verdict

for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*J. Nickerson,* for the defendant.

*L. M. Child,* for the plaintiff.

ENDICOTT, J. 1. The defendant leased to the plaintiff for the term of five years certain land and greenhouses, by an indenture which contained the covenant that the lessee would give up the premises to the lessor at the end of the term in as good order and condition " as the same now are or may be put into by the lessor." At the same time, the lessor executed the agreement sued on, which refers in terms to the lease, and was delivered to the lessee with the lease, wherein she binds herself to make forthwith certain repairs upon the premises. Both papers were parts of the same transaction, and the court properly ruled that there was a sufficient consideration for the agreement.

2. The agreement contained the provision that, in case of dispute between the parties whether certain of the repairs, which the lessor was bound to make, were sufficient, the question should be referred to an umpire. The refusal of the court to rule that the plaintiff could not maintain his action, on that portion of his claim for damages, is not open to exception. No such question is raised in the answer; and if it were, it could be sustained only on the ground, that the agreement to refer ousts the court of jurisdiction, so far as these particular damages are concerned. And such an agreement would be invalid. *Rowe* v. *Williams,* 97 Mass. 163. *Pearl* v. *Harris,* 121 Mass. 390. *Evans* v. *Clapp,* 123 Mass. 165.

3. The remaining exception presents more difficulty. The end of one of the greenhouses abutted against the side of a barn, which was a part of the demised premises though not of the greenhouse itself. The plaintiff contended that, under the clause in the agreement providing that the greenhouses should be put " generally in good working order," the defendant was bound to place rails, bridges, or guards on the roof of the barn to protect the greenhouse from snow and ice which might slide from the roof.

The words of this clause would seem to relate solely to work to be done and repairs to be made upon the greenhouses themselves, and not to include any additions to the same, or upon

other structures on the demanded premises adjacent thereto. Nor do we find anything in the agreement from which it is to be inferred that a larger meaning is to be attached to the words; on the contrary, the purpose for which the agreement is made appears in the preamble, which recites that the boiler and heating apparatus are not in satisfactory order, and that other small repairs are needed in and upon said houses, and therefore, in consideration of the lease, the lessor agrees to put the boilers and heating apparatus in good working order, and to furnish the lumber required to repair the benches, and to put the houses "generally in good working order." The context thus clearly shows that the work required to put these houses in good order was to be done in and upon the houses themselves. See *Dwight* v. *Ludlow Manuf. Co.* 128 Mass. 280.

The ruling of the court, therefore, that it was a question of fact for the jury to determine whether these additions to the roof were required in order to put the house in good working order, was erroneous. *Exceptions sustained.*