### ALFRED ROWE *vs.* AUSTIN F. WILLIAMS.

Under a lease in which the lessee covenants to pay rent on particular days, neither the time of payment, nor the lessor's right to sue for the rent in case of non-payment, is extended or postponed beyond those days by the lessee's further covenant that the lessor may, after sixty days' default of payment, take and keep possession of the demised premises.

A stipulation in a lease that any question in dispute between the lessor and the lessee during the demised term shall be submitted to arbitrators, whose award shall be final, is no bar to an action brought, without any offer of such submission, by the lessor against the lessee, on the lessee's covenant for payment of rent.

CONTRACT on covenants for rent in two leases. The writ was dated October 8, 1866, and the declaration was for rent accruing

between April 1 and October 1, 1866. In the superior **court** the facts were agreed and judgment was entered for the plaintiff, and the defendant appealed to this court.

By the facts agreed it appeared that the leases were of real estate in Springfield from John Mills to John T. Rockwood, and that the plaintiff and defendant are the legal representatives by assignment respectively of the lessor and lessee. The first lease, dated March 25, 1852, was for the term of one hundred years, and the covenant for rent was as follows: " The said Rockwood, for himself, heirs, executors, administrators and assigns, agrees to pay to the said Mills or to any person holding this lease by assignment, the sum of five hundred and seventy-five dollars annually, during the term aforesaid, in equal semi-annual payments, the rent commencing on the first day of October next." The second lease, dated December 25, 1852, contained the following covenants: " The said Rockwood, for himself, his heirs and assigns, covenants and agrees to pay to said Mills or to any one who may hold this lease by an assignment, the sum of two hundred and eighty dollars annually, in equal semi-annual payments on the first day of April and first day of October." " And the said Mills for himself, his heirs and assigns, covenants and agrees that the said Rockwood, his heirs and assigns, may hold said premises for the same term of time and with all the rights, privileges and appurtenances, and subject to all the restrictions and reservations that would attach to the same had these premises been included in the said lease made on the twenty-fifth day of March."

The provisions of the first lease, on which the defendant relied in avoidance of this action, and to which the second lease was thus also subject, were as follows :

1. " He [Rockwood] also covenants and agrees for himself, his heirs and assigns, that, in case of non-payment of rent, the said Mills, his heirs or assigns, may, after sixty days' default of payment, take and keep possession of the premises till the arrears of rent are paid."

2. " If, at any time during the continuance of this lease, any dispute should arise between the lessor and lessee, their respect-

ive executors, administrators or assigns, the question in dispute shall be submitted to arbitrators, one to be appointed by each of the persons in interest, and the third to be selected by the two thus appointed : their award shall be final."

No offer was made by the plaintiff to the defendant to submit to arbitrators the claim in suit. The defendant contended that, under the second provision quoted, the plaintiff had no right of action without first making such an offer ; and also that, under the first provision quoted, the plaintiff had no right of action until after sixty days' default of payment ; and it was agreed that on November 24, 1866, the defendant tendered to the plain tiff the whole amount of rent which accrued between April 1 and October 1, 1866, with interest from October 1 to the date of tender, and that the plaintiff accepted the same, but without prejudice to his right to maintain this action.

*J. E. McIntire*, for the plaintiff.

*C. A. Winchester*, for the defendant.

Gray, J. It is very clear that neither of the objections made by the defendant to the plaintiff's right to maintain this action can be supported.

1. By the terms of the lease, the rent is due and payable on the first days of October and of April ; and neither the time of payment, nor the right to sue for the rent in case of non-payment, is extended or postponed by the provision that the landlord may take possession of the premises after sixty days default of payment. *Clun's case*, 10 Co. 129 *a*. *Van Rensselaer* v. *Jewett*, 5 Denio, 128, 131, and 2 Comst. 148–150.

2. The clause by which it is stipulated that, if any dispute shall arise between the parties, the question in dispute shall be submitted to arbitrators, whose award shall be final, does not undertake to limit the right of action to the amount to be found due by the arbitrators, or in any way to make that right conditional or dependent upon a submission or offer to submit to arbitration ; and, according to all the authorities, is no bar to an action upon the other covenants in the lease. *Scott* v. *Avery*, 8 Exch. 487, and 5 H. L. Cas. 846 *et seq. Dimsdale* v. *Robertson*, 2 Jones & Lat. 58. *Scott* v. *Liverpool*, 3 De Gex & Jones,

334. *Elliott* v. *Royal Exchange Assurance Co.* Law Rep. 2 Exch. 237, and cases cited. *Tobey* v. *County of Bristol*, 3 Story, 819. *Nute* v. *Hamilton Insurance Co.* 6 Gray, 182. *Gray* v. *Wilson*, 4 Watts, 39. *Hill* v. *More*, 40 Maine, 515.

*Judgment for the plaintiff*