AMOS L. WOOD & another *vs.* DANIEL W. G. HUMPHREY & another.

The plaintiff, by a written contract, gave the defendant a license to manufacture machines under the plaintiff's patent, the defendant paying a royalty, with a proviso that if the defendant failed to perform his agreement, the plaintiff might terminate the contract by giving thirty days' notice, " and in case of a difference of opinion between the parties as to whether there has been such a failure as will warrant to give or to have given such notice, it is hereby agreed to submit that question to arbitration and to abide the result of the decision." On a bill in equity to cancel the contract, for an account and for an injunction, no offer to submit to arbitration having been made by the plaintiff, *Held*, that the agreement to submit, as its effect would be to oust the courts of jurisdiction, was void.

COLT, J. This is an appeal from the final decree of one of the justices of this court in a case heard by him upon bill, answer and proofs. The bill asks for the cancellation of a certain contract between the parties, for an account of the defendants' doings under it, for an injunction and for a delivery to the plaintiffs of certain leased personal property described in it. The evidence taken by a commissioner at the hearing is part of the case.

By the contract in question, the plaintiffs, being owners of certain patent rights upon machines for making button-holes, leased to the defendants for three years certain tools and machinery, and gave them a license to manufacture and sell button-hole machines

during the term, the defendants agreeing to pay a certain royalty upon each machine with a specified percentage upon sales, and to take good care of the property and keep it insured for the plaintiffs' benefit. Among numerous other covenants on the part of the defendants, it is provided that if they shall fail to perform any of their agreements, the plaintiff corporation shall have the right to terminate the contract and take possession, by giving thirty days' notice in writing of such intention. And this is followed by a stipulation in these words : "And in case of a difference of opinion between the parties as to whether there has been such a failure as will warrant to give or to have given said notice, it is hereby agreed to submit that question to arbitration and to abide the result of the decision." There was no offer to arbitrate under this clause made by the plaintiffs before filing this bill.

It is insisted, on the part of the defendants, that whatever practical difficulties there may be in enforcing specifically the agreement to arbitrate, effect will at least be so far given to it that the plaintiffs in a court of equity will not be entitled to redress for the non-performance of the defendants' agreements, without showing upon their own part performance of, or an offer to perform, this specific clause in the contract.

It has been long settled that agreements to arbitrate which entirely oust the courts of jurisdiction will not be supported either at law or in equity ; although it is said that those which do not go to the root of the action, but are only preliminary thereto or in aid thereof — such as respect the mode of settling the amount of damage, or the time of paying it, or the like — will be sustained. *Cobb* v. *New England Insurance Co.* 6 Gray, 192. *Trott* v. *City Insurance Co.* 1 Clifford, 439. *Scott* v. *Avery,* 5 H. L. Cases, 811. *Rowe* v. *Williams,* 97 Mass. 163.

The agreement in this case plainly falls within the former description. It goes to the plaintiffs' right to terminate the contract and resume possession of the leased property upon the breach of any or all of the different agreements of the defendants. If sustained, it defeats the entire relief sought by this bill. It goes to the root of the action and ousts the jurisdiction, within the meaning of the rule.

In this case, as against the findings of the judge at the hearing, we cannot see that, after the failure of the defendants to pay the stipulated rent, of which there was no dispute, there was any unreasonable refusal by the plaintiffs to submit the controversy to arbitration.

Upon the other questions of fact arising upon the appeal, and particularly whether the defendants had just grounds for set-off or recoupment, great weight is to be given to the findings of the judge who heard the case. He saw the witnesses, observed their conduct and demeanor upon the stand, and had the best opportunity to judge of their credibility. Upon a review of the evidence reported, we see no reason for changing his decree.

*Decree for the plaintiffs.*

*H. G. Parker, C. Allen & E. S. Mansfield,* for the plaintiffs.
*J. S. Abbott & E. Hutchinson,* for the defendants.