AUGUSTINE K. WHITE vs. MIDDLESEX RAILROAD COMPANY.

Suffolk. March 7. — June 21, 1883. DEVENS & W. ALLEN, JJ., absent.

An agreement between a corporation and a person entering its employ provided that the employee should deposit a certain sum of money with the corporation, as security for the proper discharge of his duties; that the president of the corporation should be the sole judge between the corporation and the employee whether the corporation was entitled to retain the whole or any part of the deposit, and that his certificate in writing that the whole or any part of said sum was to be so retained and forfeited to the corporation should be conclusive evidence between the parties, in all courts of justice, that the amount thereby forfeited was so forfeited, and should bar the employee of all right, under any circumstances, to recover the money so certified to be forfeited. *Held*, in an action by the employee against the corporation to recover the sum so deposited, that the latter clauses were an agreement to submit to arbitration and an attempt to oust the courts of jurisdiction, and were void.

CONTRACT, for money had and received, to recover $65, deposited by the plaintiff with the defendant corporation under a written agreement providing, among other things, that the plaintiff, who was about to enter the defendant's employ as a conductor, should, upon entering such employ, deposit the sum of $65, to be retained by the defendant, together with interest accrued thereon and all wages that might be due him, as security for the proper discharge of his duties, for the due accounting for and paying over to the defendant of all fares received, and for the due observance by him of all the rules and regulations of the defendant; that, in case of a breach by the plaintiff of any of said rules and regulations, the defendant might retain the whole of said deposit and any interest thereon, and the amount of wages that might be due him, as liquidated damages, for such breach; and that the defendant's president " shall be the sole judge between the company and the conductor whether the company is entitled to retain the whole or any part of said $65 and interest, and all wages that may at any time be due him, as liquidated damages. And his certificate in writing that the same or any given part thereof, stated in such certificate, are to be so retained and forfeited to the company, and of the cause of such retention, shall be a final adjudication thereof, binding and conclusive evidence between the parties in all courts of justice, civil and criminal, both that the amount thereby certified as the true amount to be forfeited and retained has become and is so forfeited and retained by the company,

and that that has happened which in such certificate is certified to be the cause, and that it is a lawful and sufficient cause for such retention; and such certificate shall bar the conductor of all right, under any circumstances, to recover the moneys so certified to be forfeited and retained, or any part thereof."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

The defendant received said $65 under said agreement, and the only claim the defendant has to such money is by virtue of the agreement and the president's certificate indorsed thereon, as follows : " By virtue of the written agreement, and under the power therein conferred upon me, I, Charles E. Powers, president of said Middlesex Railroad Company, do hereby adjudge and decide that said railroad company is entitled to retain the whole of the $65 deposited with it under said agreement, together with all the interest thereon, and the same is hereby declared to be forfeited to the said railroad company on account of the breach by the within-named Augustine K. White, conductor, of the fourth clause of said agreement [which related to the faithful discharge of his duties as conductor] and of the sixty-fifth and sixty-sixth rules and regulations of the Middlesex Railroad Company."

The rules and regulations above referred to were as follows : " 65. The punch must be used to cancel and record a fare for each and every person over three years of age who rides upon the car.   66. As soon as fare has been received from one person the punch must be used in the presence of such person, to record such fare or fares, before another one is taken up.   Failure to comply with this rule, in every instance, will be positive cause of dismissal."

The plaintiff contends that this money should be paid to him for the reason that the agreement was, on its face, unconscionable and void, and against public policy.

The defendant contends that the agreement was valid, legal and final between the parties.

If the court should be of opinion that the agreement was void, judgment was to be entered for the plaintiff; if it was valid, judgment for the defendant.

*L. M. Child*, for the defendant.

*J. F. Pickering & J. W. Pickering*, for the plaintiff.

FIELD, J.  If the parties had an opportunity to appear and be heard before the president of the company, and the plaintiff had appeared and been heard, and an award had been actually made that nothing was due the plaintiff, this award would be a bar to the action, unless for some cause it was impeached.  The fact that the arbitrator was an officer of the defendant corporation, as it was known to the plaintiff when he signed the agreement, would not invalidate the award.  But it does not appear by the agreed statement of facts that any hearing was ever had before the president, or that the company ever made any claim before him that the plaintiff had not fully performed his duties, or that the plaintiff ever had any notice that the company made any such claim, and that the president would proceed to hear the parties, and adjudicate upon the question whether the company had the right under the agreement to retain the whole or any part of the $65.

By the agreed facts, it appears that the contention between the parties is not upon an award, but upon the agreement, whether it is valid or void; and that, if the court is of opinion that the agreement is void, judgment is to be entered for the plaintiff; if it is valid, judgment to be for the defendant.  The principal contention in argument on the part of the company is, that this is not an agreement to arbitrate, but an agreement that the company may retain the whole of the $65, or such part as the president may adjudge, and that, until the president has adjudged that the whole or some part is due to the plaintiff, no action at law can be maintained by him.

*London Tramways Co.* v. *Bailey*, 3 Q. B. D. 217, is almost identical with the case at bar, and the judgment was for the company. See also *Wilson* v. *Glasgow Tramways & Omnibus Co.* 5 Sc. Sess. Cas. (4th ser.) 981, and *Glasgow Tramway & Omnibus Co.* v. *Dempsay*, 3 Coup. Just. 440.  The decision in *London Tramways Co.* v. *Bailey*, *ubi supra*, was by Mellor and Lush, JJ., and is put upon the ground that the "agreement is very like the stipulation that the certificate of an architect or engineer shall be conclusive."  It seems to be the doctrine of the English courts, that agreements prohibiting a party from bringing an action, or

purporting to oust the courts entirely of their jurisdiction, are void; that, in contracts in which it is a condition precedent to the right to maintain an action that there shall first be a reference and an award, no action can be maintained until this condition has been complied with, unless, indeed, it becomes impossible to comply with it; but if the stipulation to refer to arbitration is collateral to the other stipulations of the contract, an action can be maintained upon the contract without a reference. *Babbage* v. *Coulburn*, 9 Q. B. D. 235. *Edwards* v. *Aberayron Ship Ins. Society*, 1 Q. B. D. 563. *Dawson* v. *Fitzgerald*, 1 Ex. D. 257. *Hope* v. *International Financial Society*, 4 Ch. D. 327. *Scott* v. *Liverpool*, 3 DeG. & J. 334. *Horton* v. *Sayer*, 4 H. & N. 643.

*Scott* v. *Avery*, 5 H. L. Cas. 811, left it uncertain whether, if in a contract the agreement to submit to arbitration is a condition precedent to maintaining the action, and includes all disputes that may arise under the contract, and is not confined to questions which affect the amount of damages, it is, or is not, void. The cases we have cited show that English judges do not yet agree in opinion on this question. The inclination of this court has been to regard such an agreement as void. *Cobb* v. *New England Ins. Co.* 6 Gray, 192. *Rowe* v. *Williams*, 97 Mass. 163. *Wood* v. *Humphrey*, 114 Mass. 185. *Pearl* v. *Harris*, 121 Mass. 390. *Vass* v. *Wales*, 129 Mass. 38. See also *Trott* v. *City Ins. Co.* 1 Cliff. 439; *Mansfield* v. *Doolin*, I. R. 4 C. L. 17.

If such an agreement in a contract is not void as contrary to the policy of the law, the whole doctrine amounts to this, that courts will not specifically enforce the agreement, but will treat it as valid, and as a condition precedent, or as an independent stipulation, according to the construction given to the contract.

The agreement in this case seems to us an attempt to oust courts entirely of jurisdiction over the question whether the defendant is entitled to retain the whole, or some part, of the $65, as liquidated damages, for a breach of the contract. It regards this sum, or such part of it as the president may determine, as forfeited by the plaintiff, if the president shall so certify.

In *Hope* v. *International Financial Society*, *ubi supra*, the defendant contended that the plaintiff had no standing in court, because he had forfeited his shares under the articles of

association, by taking legal proceedings against the company; but Lord Justice James said, "We cannot listen to that argument. Any stipulation that a shareholder shall not appeal to a court of justice must be bad." 4 Ch. D. 334.

In *London Tramways Co.* v. *Bailey, ubi supra,* no cases were cited by the court, and only *Brown* v. *Overbury,* 11 Exch. 715, and *Scott* v. *Avery, ubi supra,* were cited by counsel. *Brown* v. *Overbury* was an action to recover the stakes at a steeple chase, when the stewards, who, by the articles, were to decide the race, had met and were unable to decide whose horse had won; and it was held that it was a condition precedent to the plaintiff's right to recover, that he obtain the judgment of the stewards, if practicable. Baron Alderson said: "Every contract must be determined according to the circumstances belonging to it. This is one of racing, and the universal practice has been, that, in order to ascertain who is to have the stakes, it must first be determined who is the winner, not in the opinion of the jury, but of the persons appointed to decide it, viz. the judges or the stewards." The court do not decide what the effect would be if it became impossible to obtain a decision from the stewards. There is, we think, notwithstanding what was said by Lord Campbell in *Scott* v. *Avery, ubi supra,* little analogy between that case and the case at bar. Neither do we think that this agreement is like a building contract, in which the decision and certificate of an architect or engineer, upon the quantity or quality of the work done, is a condition precedent to the plaintiff's maintaining his action for the price. Such a stipulation in a building contract is not regarded as strictly an agreement to submit to arbitration. *Wardsworth* v. *Smith,* L. R. 6 Q. B. 332. *Palmer* v. *Clark,* 106 Mass. 373. No hearing of the parties is usually contemplated. The matters to be examined relate to things that are visible and can be determined by appraisal, inspection, measurement, or other similar methods, and pertain solely to the performance of the work to recover the price of which the plaintiff brings his action, and it is an irrevocable part of such contracts that the plaintiff shall recover only upon the condition that the architect or engineer certifies that the work has been done according to the contract, or shall only recover for extra work whatever the architect or engineer estimates the

value of it to be, or shall recover only if the work is done to the satisfaction of the architect or engineer.

This is not a suit for wages; and, if it were, the plaintiff is not, by his agreement, required to perform his duties to the satisfaction of the president of the company, and there is no stipulation that the plaintiff shall recover as wages only such sum as the president may determine.   This is a suit to recover a deposit.   If the defendant claims the right to retain it, as liquidated damages, for a breach of the agreement by the plaintiff, the burden is on the defendant to prove the breach. If a controversy arises upon the questions whether there has been such a breach, and whether the company has the right to retain the deposit, as liquidated damages, for such breach, there is a stipulation that the president shall be the sole judge of it, and that his certificate shall be a final adjudication of it.   Such a stipulation is, we think, an agreement to submit to arbitration, and an attempt to oust courts of justice of all jurisdiction over the whole controversy, and is void.

In the opinion of a majority of the court, the

*Judgment must be affirmed.*