## WILLIAM L. REED *vs.* WASHINGTON FIRE AND MARINE INSURANCE COMPANY.

Plymouth.   Oct. 22, 1884. — Feb. 27, 1885.   C. ALLEN & COLBURN, JJ., absent.

Under the provision in a policy of insurance against loss by fire, in the form prescribed by the Pub. Sts. *c.* 119, § 139, that, if any difference of opinion shall arise as to the amount of the loss, it is mutually agreed that the loss shall be referred to arbitrators to be chosen, whose decision shall be final, such agreement to refer the loss to arbitration is not a condition precedent to the right of the assured to bring an action upon the policy.

In an action upon a policy of insurance against loss by fire on a building used as a manufactory, two witnesses, who were manufacturers and familiar with the plaintiff's factory before the fire, were allowed to testify, in behalf of the plaintiff, to the value of the property burned. *Held*, that the defendant had no ground of exception.

CONTRACT upon a policy of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, against loss by fire, for one year from December 7, 1882, on a building in South Abington, occupied by the plaintiff as a boot and shoe factory. The policy contained, among others, the following clauses:

" In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by whom the building insured, or containing the property insured, was used, and the time at which and manner in which the fire originated, so far as known to the insured. The company may also examine the books of account and vouchers of the insured, and make extracts from the same.

" In case of any loss or damage, the company, within sixty days after the insured shall have submitted a statement, as provided in the preceding clause, shall either pay the amount for which it shall be liable, or replace the property with other of the same kind and goodness, or it may, within fifteen days after such statement is submitted, notify the insured of its intention to ' rebuild or repair the premises, or any portion thereof separately insured by this policy, and shall thereupon enter upon said premises and proceed to rebuild or repair the same with reasonable expedition.    It is moreover understood that there can be no abandonment of the property insured to the company, and that the company shall not in any case be liable for more than the sum insured, with interest thereon from the time when the loss shall become payable, as above provided."

After these clauses were three others, relating to other insurance, the case of a policy being made payable to a mortgagee, and the cancellation of the policy, followed by these clauses :

" In case any difference of opinion shall arise as to the amount of loss under this policy, it is mutually agreed that the said loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen, provided that neither party shall be required to choose or accept any person who has served as a referee in any like case within four months ; and the decision of a majority of said referees in writing shall be final and binding on the parties.

" No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this Commonwealth unless commenced within two years from the time the loss occurred."

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows :

It was admitted that the building insured by the policy in suit was destroyed by fire on July 1, 1883.

The plaintiff, without evidence of any reference in accordance with the terms of the policy, or of any attempt on his part to obtain such reference, after a difference of opinion had arisen as to the amount of loss under the policy, offered evidence for the purpose of showing the damage sustained by the fire.

The defendant objected to the admission of evidence for that purpose, for the following reasons : " 1. Because the statute under which the policy was made, and the policy itself, which is the contract between the parties, both provide that, in case any difference of opinion shall arise as to the amount of loss, the question of the amount of loss shall be submitted to referees, as therein provided. 2. Because it is incumbent on the plaintiff, under the statute and policy, and in support of the averments of his declaration, to show such a reference, or a demand on his part for such a reference, in accordance with the terms of the policy, and a refusal thereof by the defendant, before he can go to the jury on the question of damages."

But the judge overruled the objections; and allowed evidence of the amount of loss to be submitted to the jury, subject to the defendant's objection.

To prove the actual value of the insured property, or of some of it, at the time of the loss, the plaintiff, among other witnesses to the same point, called George E. Keith, of Brockton, who testified that he was a shoe manufacturer ; had been in that business ten years; had built two shoe factories in ten years, and had the whole charge of fitting them up, and was now engaged in manufacturing boots and shoes ; that he was acquainted with Reed's factory at South Abington before it was burned, and with the fittings of the factory ; that he had been there a good many times, — he did not know how many times; that he had visited back and forth, and gone in and out there, and could judge some things in regard to the fittings of Reed's factory from his own; that he knew the fittings of Reed's factory. The witness was then asked, " What do you consider the value of the fittings in Reed's shop?" To this question the defendant objected, but the objection was overruled, and the witness answered, subject to the defendant's objection, " That factory, in my opinion, could not have been fitted up for less than five or six thousand dollars."

The plaintiff also called, for the same purpose of proving the value of the damaged property, Hosea F. Whidden, who testified that he resided at South Abington, and was a tack manufacturer there ; that his shop was fifteen hundred feet from Reed's; that he had been in the tack business there nearly forty years, and

during the whole time that Reed's factory was standing; that he went into the factory a great many times; that he was there during the whole time of the building and fitting up of the factory; that he had frequently visited other shoe factories situated there and elsewhere, with reference to putting up a new factory; that he had occasion to contract to build, and with others did build, a new factory, in the place of Reed's factory which was burned. Without other evidence as to his qualification or competency, the witness was allowed to testify as to the value of Reed's factory.

At the conclusion of the plaintiff's evidence, the judge declined to rule, as requested by the defendant, that the plaintiff could not recover without evidence of a reference to arbitration.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. D. Bryant,* for the defendant.

*G. F. Williams,* for the plaintiff.

W. ALLEN, J. It is well settled in this Commonwealth, that an agreement to refer to arbitration will not be enforced in equity, and will not be sustained as a bar to an action at law or a suit in equity. *Rowe* v. *Williams,* 97 Mass. 163. *Wood* v. *Humphrey,* 114 Mass. 185. *Noyes* v. *Marsh,* 123 Mass. 286. *Vass* v. *Wales,* 129 Mass. 38. *Evans* v. *Clapp,* 123 Mass. 165. *White* v. *Middlesex Railroad,* 135 Mass. 216.

The reason generally given is, that such an agreement affects the remedy, and, if enforced, would oust the courts of their jurisdiction. Another reason is, that a submission to arbitration is a power, and revocable at any time before it is fully executed by an award made. A party will not be compelled to enter into a submission which he can forthwith revoke; and the bringing of an action amounts to a revocation. Neither of these reasons seems to apply to an action upon a promise to pay an award. Such a promise is conditional upon the making of an award, and the arbitration is a condition precedent to the right of action.

There is no doubt that an appraisal of value, or an award of the amount of damages, can be made a condition precedent to a right of action. In such a case, the agreement is not to refer a cause of action, but that a cause of action shall arise upon the appraisal or award, which is preliminary to, and in aid and a

condition of, the right of action. *Hood* v. *Hartshorn*, 100 Mass. 117, was a case of that kind. Chief Justice Chapman said: " The present case comes within the principle stated by Coleridge, J., in *Avery* v. *Scott*, 8 Exch. 500, that it is not unlawful for parties to agree to impose a condition precedent with respect to the mode of settling the amount of damages, or the time of paying it, or any matters of that kind that do not go to the root of the action." The judgment of Coleridge, J., in the Exchequer Chamber, in *Avery* v. *Scott*, was affirmed in *Scott* v. *Avery*, 5 H. L. Cas. 811 ; and the question in such cases has been one of the construction of contracts, — whether the agreement to refer in the particular contract under consideration is a condition precedent to a right of action upon the contract, or an agreement to refer a right arising under other provisions of the contract.

In this case, the policy provides that, in case of loss, a statement shall be rendered to the company, and that the company, within sixty days after such statement shall be furnished, shall either pay the amount for which it is liable or replace the property. The furnishing of the statement is the condition upon which the company promises to pay the loss. Not connected with that is the provision, that, if any difference of opinion shall arise as to the amount of the loss, it is mutually agreed that the said loss shall be referred to arbitrators to be chosen, whose decision shall be final. It is possible for a person who has promised to pay a loss to agree to refer to arbitration questions arising in regard to the performance of that promise. The language of the provision of the policy under consideration aptly expresses that intention ; and it cannot be held to constitute a condition precedent to a right of action for a loss, unless an agreement to refer a loss to arbitration of itself imports such a condition. The agreement is not incorporated with, but is distinct from, the promise to pay the loss, and from the provision, which is a condition of that promise, that a statement shall be furnished ; it cannot take effect except with reference to a loss, which the company has promised to pay, — an existing cause of action ; and it is simply an agreement to refer that matter to arbitration, without any agreement by the plaintiff not to sue. There is nothing to bring it within any of the cases in which a

provision to refer has been held to be a condition, such as *Scott* v. *Avery, ubi supra, Elliott* v. *Royal Exchange Assur. Co.* L. R. 2 Ex. 237, *Braunstein* v. *Accidental Death Ins. Co.* 1 B. & S. 782, *Scott* v. *Liverpool*, 3 DeG. & J. 334, *Tredwen* v. *Holman*, 1 H. & C. 72, in England; and *Hood* v. *Hartshorn, ubi supra*, in this Commonwealth; — but is rather governed by such cases as *Horton* v. *Sayer*, 4 H. & N. 643, *Roper* v. *Lendon*, 1 El. & El. 825, *Dawson* v. *Fitzgerald*, 1 Ex. D. 257, *Edwards* v. *Aberayron Ins. Society*, 1 Q. B. D. 563, in England; and *Nute* v. *Hamilton Ins. Co.* 6 Gray, 174, *Hall* v. *People's Ins. Co.* 6 Gray, 185, and other cases, cited before, in this Commonwealth.

It is argued for the defendant, that the provision may have more effect to bar the plaintiff's action if construed as a statute, than if regarded merely as a contract. If the Legislature prescribes and annexes to a particular right a special remedy, a party is confined to that remedy. *Boynton* v. *Middlesex Ins. Co.* 4 Met. 212. But this provision is not in form a legislative enactment. It is put forward by the Legislature as a contract to be entered into by the parties, and to derive its validity from their consent. It is their contract; as such, it does not deprive the plaintiff of his action and his trial by jury; it is not to be presumed that the Legislature intended, by prescribing the form of contract, and prohibiting any other, to give it effect in depriving a party of rights which, as a contract, it would not have.

The discretion of the court, in deciding whether the witnesses to value were qualified to testify in regard to it, was properly exercised; and the evidence admitted was competent.

*Exceptions overruled.*