Burket, C. J.
The questions as to whether or not Michael Stankard was in the employ of the company a't the commencement, and during- tbe time of his sickness, and at his death, and whether or not the company was properly notified of his sickness, are questions of fact submitted to the jury upon testimony competent in character, meager and unsatisfactory in substance, but from which a jury mig’ht find, as this jury did, in favor of the plaintiff below.
The only matter in the case deemed worthy of report, is as to the validity and scope of rule eleven. The following is a copy of the rule:
“Rule 11. All claims of members of the relief feature, their beneficiaries or other representatives, or of depositors or borrowers of the savings feature, or of pensioners, arising under these regulations, and all questions or controversies of whatsoever character arising in any manner, or between any parties, or persons, in connection with the relief department or the operation *230 thereof, whether as to the construction of lam guage or meaning of the regulations, or as to any writing, decision, instruction or acts in connection therewith, shall be submitted to the determination of the superintendent of the relief department, whose decisions shall be final and conclusive thereof, subject to the right of appeal in writing to the committee directly or through the advisoi'y committee within thirty days after notice to the parties interested in the decision.
‘ ‘When an appeal is taken to the committee, it shall be heard by them without further notice at their next stated meeting, or at such future meeting- or time as they may designate, and shall be determined 1y vote of the majority of a quorum, or of any other number not less than a quorum of the members present, and the decision arrived at . thereon by the committee shall be final and conclusive upon all parties, without exception or appeal.”
The claim was presented by the parents to the superintendent of the relief department, who did not allow it, but referred it to the advisory committee, and that committee declined payment of the claim, “ because of his failure to report in accordance with the regulations,” and so notified plaintiff below.
The reference of the claim to the advisory committee and its action thereon and notice of such action to the parents, was the equivalent, and took the place of an appeal, so that the case stands as if an appeal had been taken and the claim rejected by the advisory committee.
It is claimed by the railroad company, that the decision arrived at by the superintendent if no appeal is taken, or by the committee incase of anappeal, is *231 final and conclusive, and a complete bar to an action for the recovéry of the benefits.
If the superintendent had rejected the claim, and so notified the parents, and they had failed to take an appeal to the advisory committee, it may well be doubted whether they could have sustained an action in court upon the claim, because in such beneficial associations it is held that the claimants must pursue to the full extent, the remedy provided by the rules and regulations before resorting to actions at law. This is for the benefit of both parties, and is reasonable.
The Supreme Council of the Order of Chosen Friends v. Forsinger, 125 Ind.,52.
But in the case at bar the equivalent of an appeal was had, and the advisory committee acted upon and rejected the claim, and then the parents were compelled to either abandon the claim, or resort to an action at law.
Does rule eleven bar such, action? We think not. A long- line of decisions hold that parties can not by contract take away the jurisdiction of the courts in such cases, and that the attempt to do so is void.
Supreme Council of the Order of Chosen Friends v. Forsinger. 125 Inch, 52; Whitney v. National Masonic Accident Association, 52 Minn., 378; Insurance Company v. Morse, 20 Wallace, 445; Stephenson v. Insurance Co., 54 Maine, 55; Mentz v. Insurance Co., 79 Pa. St., 478; Reed v. Insurance Co., 138 Mass., 572.
While courts usually base their decisions upon the ground that parties cannot by contract, in advance oust the courts of their jurisdiction of actions, a more satisfactory ground is, that under our constitution all courts are open, and every per *232 son, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law. Art. 1, sec. 16.
Courts are created by virtue of the constitution, and inhere in our body politic as a necessary part of our system of government, and it is not competent for any one, by contract or otherwise, to deprive himself of their protection. The right to appeal to the courts for the redress of wrongs, is one of those rights which is in its nature under our constitution alienable, and cannot be thrown off, or bargained away.
There is a class of contracts which provide that the value of certain property, the amount of loss sustained, the quantity, quality, character and value of work performed on improvements, and the acceptance of a building- by an architect, an’d other like matters, shall be determined by a certain person named in the contract, and his determination shall be final. Such contracts are lawful, and are usually upheld. They do not oust the courts of their jurisdiction over the subject matter, but only provide a safe and speedy manner of fixing definitely some fact which is usually of a complex and difficult nature, and one that it would not be easy to establish by evidence. Such fact when ascertained and fixed by the person, and in the manner provided by the terms of the contract, is conclusive between the parties, in the absence of fraud or manifest mistake; but the parties are at liberty, after so fixing such fact to go into court and litigate such differences as may still exist between them. In such contracts, the person selected to determine the particular fact, becomes the agent of both parties for that purpose, and what is done by such agent is, in legal effect, done by the par *233 ties themselves, and therefore there is no hardship in holding them conclusively hound thereby, in the absence of fraud or mistake. The following- cases are examples of such contracts:
Easton v. Canal Company, 13 Ohio, 81; Railroad Company v. Veeder, 17 Ohio, 385; Mundy v. Railroad Company, 67 Fed. Rep.. 633; Kane v. Stone Company, 39 Ohio St., 1; Railroad, Company v. McGrann 33 Pa. St., 530; 75 Am. Dec., 624; Faunce v. Burke, 16 Pa. St., 469; 55 Am. Dec., 519; Navigation Company v. Fenlon, 4 Watts & Sergeant, 205; Hamilton v. Insurance Co., 136 U. S., 242. See also 33 Central Law Journal, 168.
The following cases also throw some light upon the question involved in this case: Guaranty Co. v. Railroad Co., 139 U. S., 137; Gittings v. Baker, 2 Ohio St., 21; Connor v. Drake, 1 Ohio St., 166; Kill v. Hollister, 1 Wilson, 129.
Such contracts are in their nature only applicable to cases wherein it becomes necessary to fix some facts, leaving the question of law to be settled by the courts upon proper proceeding's. The ultimate question to be determined — the liability or nonliability of the parties — must be left to the courts. The construction of a written contract is a question of law for the court, and a provision in the contract, that the construction of such contract, or the meaning of rules or regulations, shall be finally determined by some designated person, is void, because the court cannot be robbed of its jurisdiction to finally determine such questions. In insurance and other like cases, where the ultimate question is the payment of a certain sum of money, certain facts may be fixed by a person selected for that purpose in the contract, but the ultimate question as to whether *234 the money shall be paid, or not, may be litigated in the courts, and a stipulation to the contrary is void. The fixing of the particular fact by the person or persons named in the contract, and in the manner therein provided, is usually a condition precedent to the bringing of an action on the contract, and the performance of such condition should be averred in' the petition, or some good excuse given for its nonperformance. Viney v Bignold, 27 Central Law Journal, 40.
In the case at bar, the claim having gone through the course provided by rule eleven, and having been rejected, the parents had the right to go into a court of justice and establish their claim; and in the trial, the fact that the claim had been so rejected was not a bar to a recovery. In so far as rule eleven attempts to cut off; the right of action in court, it is null and void.

Judgment affirmed.