JONAS M. MILES & another *vs.* ARTHUR P. SCHMIDT.

Suffolk.    December 3, 1896. — May 20, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Illegality of Agreement to submit Disputes to Arbitration.*

An agreement, the evident intent of which is to submit all disputes relating to the performance thereof to the final decision of a tribunal constituted by the parties themselves, the referees both to assess damages and to determine whether there have been any violations of the agreement, and their decision in all matters to be final, is illegal and void.

BILL IN EQUITY, to enforce the specific performance of a written contract.

The defendant demurred to the bill, assigning as ground therefor the following arbitration clause contained in the contract:

"It is further mutually agreed that in case of any alleged violation of the promises and agreements herein made by said Schmidt or by said firm, if such alleged violation is continued after thirty days' notice in writing from the other to the party charged as guilty of such violation, requiring such party to cease such violation, then the party so guilty shall be liable to the other for all damages caused by such violation, to be determined by a board of referees in manner as follows.

"After the expiration of the thirty days' notice provided for in the above clause, said Schmidt and said firm shall each forthwith appoint a referee, and the two so appointed shall appoint the third. If either party fails to appoint a referee for ten days, after written notice of such appointment by the other party, then the referee so appointed shall appoint a second, and the two so appointed shall appoint a third.

"The referees shall proceed forthwith to hear the parties and to determine whether or not there has been any violation of the agreements herein contained, and whether the same has continued for more than thirty days after notice to discontinue such violation above provided for, and what damage either party has sustained by reason of such violation.

"The decision of a majority of said referees shall be final and

binding on said parties, and they hereby agree to abide by, submit to, and forthwith to comply with any decision, or award, of a majority of said referees. The expense of any such reference shall be borne by any or all the parties in such proportion as said referees may determine."

The Superior Court sustained the demurrer, and dismissed the bill; and the plaintiff appealed to this court.

*C. B. Southard,* (*T. Parker* with him,) for the plaintiff.

*H. M. Rogers,* for the defendant.

MORTON, J. Perhaps, if the question were a new one, no objection would be found to permitting parties to select their own tribunals for the settlement of civil controversies, even though the result might be to oust the courts of jurisdiction in such cases. But the law is settled otherwise in this State. *Rowe* v. *Williams,* 97 Mass. 163. *Wood* v. *Humphrey,* 114 Mass. 185. *Pearl* v. *Harris,* 121 Mass. 390. *Vass* v. *Wales,* 129 Mass. 38. *White* v. *Middlesex Railroad,* 135 Mass. 216. When the question is a preliminary one, or in aid of an action at law or suit in equity, such, for instance, as the ascertainment of damages, an agreement for arbitration will be upheld. *Wood* v. *Humphrey,* 114 Mass. 185. *Reed* v. *Washington Ins. Co.* 138 Mass. 572, 575. *Hutchinson* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 143. The defendant contends that the agreement for arbitration in this case goes no further than the assessment of damages. But it is expressly provided, amongst other things, that the referees shall " hear the parties and determine whether or not there has been any violation of the agreements herein contained, . . . and what damage either party has sustained " thereby, and that " the decision of a majority of said referees shall be final and binding on said parties." The evident intent is to submit all disputes relating to the performance of the agreement to the final decision of a tribunal constituted by the parties themselves. The referees are not only to assess the damages, but also are to determine whether there have been any violations of the agreement, and their decision in all matters is to be final. The agreement to submit to arbitration was therefore in violation of law, and the demurrer should have been overruled.

*Demurrer overruled, and decree dismissing bill set aside.*