## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

STEPHEN H. CLARK, administrator, *vs.* NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Bristol.   October 22, 1917. — December 31, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Civil,* Amendment.   *Corporation,* Fund maintained for injured em-
ployees and their dependents.   *Evidence,* Of bad faith.

Under R. L. c. 173, §§ 48, 121, in a case where the evidence was unreported, a
trial judge found that an action, on a contract made by a corporation with its
employees to indemnify them or their dependents out of a benefit fund estab-
lished and maintained by the corporation for injuries sustained in the course of
their employment or death caused thereby, was for the cause of action for which
an action of tort, by the administrator of the estate of a deceased injured em-
ployee who was the same person alleged to be his dependent father against
his employer for causing the alleged suffering and death of the plaintiff's in-
testate by reason of the defendant's negligence, was intended to be brought and
was the cause of action relied on by the plaintiff when the action of tort was
commenced, and it was *held* that this court could not say as matter of law
that the finding was impossible and therefore could not say that the allowance
by the trial judge of an amendment from such an action of tort into such an
action of contract was unwarranted.

In an action of contract by the administrator of the estate of a deceased injured
employee, who also is his alleged dependent, against the employer of the plain-
tiff's intestate upon a contract of the defendant to indemnify its employees or
the dependents of those killed for injury or death sustained in the course of
their employment out of a fund established and maintained by the defendant for

that purpose, it is no defence that the plaintiff brought an action of tort against another corporation for causing the death of the plaintiff's intestate in which he received in settlement and release of the cause of action a certain sum of money, and consequently it is right for the trial judge to deny a motion of the defendant to be allowed to amend its answer by setting up such an alleged defence.

In an action by the administrator of a deceased employee, who also was his alleged dependent, against the employer of the plaintiff's intestate upon a contract of the defendant to indemnify its employees or the dependents of those killed for injury or death sustained in the course of their employment out of a fund established and maintained by the defendant for that purpose, where it appeared that the fund was supplied and kept up entirely by the defendant and was administered at its sole expense and that the plan for the management and administration of the employees' benefit fund provided that the employees' benefit fund committee should consist of five persons, that this committee was composed of the five heads of departments of the defendant and that all of them were the defendant's employees and were fellow employees of the plaintiff's intestate, and that this committee found that the plaintiff was not dependent upon his deceased son, the intestate, the judge instructed the jury in substance that, if this committee made no order for payment to the plaintiff because they found in good faith that he was not dependent upon the earnings of the deceased, the plaintiff could not recover. *Held*, that this instruction was right.

In the same case, upon the question whether there was any evidence of want of good faith on the part of the committee, it appeared that an investigator employed by the defendant visited the plaintiff, as the father of the deceased employee, after the accident and inquired of him respecting his dependency for support upon the earnings of the deceased and that a statement in writing was signed by the plaintiff as such father, which contained no assertion of dependency and which the plaintiff testified at the trial was incorrect in omitting to state his partial dependence upon such earnings, and that the committee relied entirely upon the report of the investigator and did not notify the plaintiff to appear before them or give him any hearing. *Held*, that, although it would have been wiser for the committee to have notified the plaintiff and have given him a hearing before making a decision, their omission to do so was not evidence of bad faith, nor was the complete reliance of the committee on the report of facts made by the investigator evidence of bad faith, there being nothing to indicate that they had any reason to distrust his faithfulness, accuracy or soundness of judgment.

TORT, afterwards amended into an action of contract or tort and later into an action of contract, by the administrator of the estate of Harry W. Clark, late of the town of Fairhaven, the declaration containing before amendment six counts respectively for the alleged suffering and death of the plaintiff's intestate caused by an injury received by the intestate on May 7, 1913, when in the employ of the defendant by reason of negligence of servants of the defendant and defects in its ways, works and machinery and negligence of a superintendent. Writ dated May 6, 1914.

After the defendant had answered, the plaintiff filed a motion for leave to amend his writ by adding after the words, "in an action of tort," the words, "or contract," so that the action would appear therein as ."tort or contract," and for leave to amend his declaration by substituting therefor a declaration containing four counts, of which the first was in contract and the remaining counts in tort. The allowance of the amendment, subject to the defendant's exception, is described in the opinion.

Without waiving this exception, the defendant demurred to the substituted declaration, and this demurrer was sustained by *Sanderson,* J.

Thereupon the plaintiff moved to amend his writ and declaration so that they might read, "in an action of contract," and should include only the first count in the substituted declaration, and this motion was allowed by *Sanderson,* J., the defendant's counsel saying that he did not object to the allowance of the motion.

The substituted declaration in contract was as follows:

"First count: And the plaintiff says that on or about the seventh day of May, 1913, the defendant corporation conducted a tele-phone business in this Commonwealth; that in the conduct of that business it maintained certain wires strung on poles on Washington Street in Fairhaven, in this county and Commonwealth; that the plaintiff's intestate was an employee of the defendant on said seventh day of May, 1913, and that as such employee it was part of his duty to work about a pole on said Washington Street and to ride on a certain chair suspended from one of the wires strung on said pole; that while the plaintiff's intestate was so employed on said seventh day of May, 1913, he was severely injured by coming in contact with a wire containing electricity which was on said pole, causing him to be thrown to the ground, from which injuries the intestate died the following day; that the defendant established, maintained and agreed with the plaintiff's intestate for a valuable consideration to administer a fund known as the 'Employees' Benefit Fund,' the defendant company undertaking and agreeing to insure its employees, including the plaintiff's intestate, so that in case of death by accident occurring in and due to the performance of work for the company, upon receiving notice thereof, the company was to pay to the dependents of dead employees a sum equal to three years' average wages but not to exceed five thousand

($5,000) dollars, and to pay the funeral and other expenses of the deceased, up to one hundred ($100) dollars; that the intestate left his father dependent upon him for support; that due notice of the death of the intestate and claim for payment under said fund was duly given to the defendant company, but the defendant company refused and still refuses to make any payment under said 'Employees' Benefit Fund'; and the plaintiff says he is the father of the intestate, and the administrator of his estate; and that all conditions and stipulations to be performed by the plaintiff or his intestate were duly performed, or the defendant waived their performance."

To the substituted declaration as amended the defendant, without waiving its exceptions previously filed, demurred. This demurrer was argued before *Dubuque*, J., who made an order overruling it. The defendant appealed.

The defendant, without waiving its exceptions or its demurrer to the substituted declaration as amended, filed an answer to the substituted declaration as amended. Later the defendant, without waiving its exceptions or its appeal, filed a motion for leave to amend its answer to the substituted declaration as amended, by adding the allegation that the plaintiff had brought an action of tort in the Superior Court against the Union Street Railway Company to recover damages for the injuries and death of his intestate on account of the same accident for which the present action was brought; that in said action against the Union Street Railway Company the plaintiff had recovered judgment; that the plaintiff had received full satisfaction of the aforesaid judgment; that the plaintiff in consideration of the sum of $1,700 had released the Union Street Railway Company from any liability on account of the injuries to and death of his intestate, and on account of any cause of action arising therefrom, and that by reason of the foregoing the plaintiff had discharged and released the defendant from any liability on account of the injuries to and death of his intestate.

Afterwards this action of contract came on for trial before *Dubuque*, J., and a jury.

At the beginning of the trial the judge denied the defendant's motion to amend its answer to the plaintiff's substituted declaration "for the reason that the matters therein [in the proposed

amendment] set forth are not a bar to recovery on the substituted declaration as amended, which is an action of contract." The defendant excepted.

The evidence at the trial, so far as material, is described in the opinion. At the close of the evidence the defendant asked the judge to rule that upon the pleadings and all the evidence the plaintiff was not entitled to recover and to order a verdict for the defendant. The judge denied the motion, stating, however, that there was doubt in his mind regarding the correctness of this ruling but that he thought that the better course would be to submit the case to the jury. Accordingly he submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,020.59. The defendant alleged exceptions.

*J. N. Clark*, for the defendant.

*C. R. Cummings*, (*J. W. Nugent* with him,) for the plaintiff.

RUGG, C. J. This action was begun in tort. The declaration contained several counts founded upon negligence of the defendant at common law and under the employers' liability act seeking to recover damages for the conscious suffering and death of the plaintiff's son. Thereafter he was permitted to amend his writ, so that the action would appear to be either in tort or contract, and to add a count to his declaration, sounding in contract and alleging in substance that the defendant had established and maintained and undertaken to administer an insurance fund for the benefit among others of the plaintiff's intestate, who, while an employee of the defendant, had lost his life by accident in the performance of his duties; and had agreed with him to pay to the plaintiff as his dependent father under the conditions which have arisen, a sum of money, but had refused to do so. The defendant excepted to the allowance of this amendment.

It is provided by R. L. c. 173, § 48, that the court may allow any amendment of form or substance in process or pleading "which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought" and by § 121 that "The cause of action shall be considered to be the same for which the action is brought, if the court finds that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity

of the cause of action." This is a remedial statute. It has been construed liberally. *Mann* v. *Brewer,* 7 Allen, 202. *Herlihy* v. *Little,* 200 Mass. 284. *Upson* v. *Boston & Maine Railroad,* 211 Mass. 446. *Lowrie* v. *Castle,* 225 Mass. 37. The power to allow amendments is not unlimited and cases arise where as matter of law a finding of identity of the cause of action is impossible. *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. Cases may arise, also, where the evidence shows that a finding of identity of the cause of action set out in the proffered amendment, with that intended when the action was instituted, would not be warranted. *Silver* v. *Jordan,* 139 Mass. 280. The basis in facts upon which this amendment was allowed by the judge in the case at bar is not set out in the record. It does not appear that there was a purpose at the time the action was brought to pursue the defendant in tort with a knowledge of the existence and character of the action in contract. Although it seems a great stretch to suppose such thoughtlessness, forgetfulness or confusion of ideas as would induce one to institute an action of tort based on negligence when the cause of action intended was an action of contract growing out of beneficiary quasi-insurance established by the employer, it is not quite possible in the absence of any report of the evidence to say as matter of law that a finding to that effect is impossible. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116. If the ground for the allowance of the amendment was a ruling of law, that is not set forth in the record and hence cannot be reviewed.

The defendant moved to amend its answer by setting up an action of tort by the plaintiff against the Union Street Railway Company for its negligence in causing the death of the plaintiff's intestate and payment to him by that defendant of $1,700 in settlement and release of the cause of action. While these allegations, if proved, would have barred the action in tort against this defendant, set out in several counts in the original declaration, *Brewer* v. *Casey,* 196 Mass. 384, 389, they constitute no defence to the action in contract upon which the case was tried. The denial of this motion was not error.

The case went to trial upon the count in contract alone. The plaintiff's intestate was an employee of the defendant and received injuries in the course of his work, from which he died without con-

scious suffering. The evidence tended to show that the defendant had undertaken to establish, maintain and administer all at its own expense a fund known as the Employees' Benefit Fund, for the relief among others of dependent relatives of employees meeting death by accident occurring in and due to the performance of their work. The plan was comprehensive in scope, with many provisions, among which were the following:

"1. There shall be a Committee of five (5) appointed by the Board to serve during its pleasure, which Committee shall be charged with the administration of the plan and the Fund hereby established. This Committee shall be called The Employees' Benefit Fund Committee and shall be empowered to employ a Secretary and such other assistants as may be required in the administration of the Fund."

"3. The word 'Committee' shall mean the persons appointed by the Board to administer the Employees' Benefit Fund in accordance with approved Regulations."

"33. Questions of fact arising in the administration of these Regulations shall be determined conclusively for all parties by the Committee."

The "Obligation of the Company" is stated in these words:

"The obligation of the Company is limited:

"First: To safeguarding the sum already appropriated.

"Second: To crediting said sum 4% per annum of the unexpended balance of the Fund.

"Third: To the appointment of a Committee to administer the Fund according to these Regulations.

"Fourth: To making payments out of the Fund upon the order of the Committee.

"Fifth: To adding to the Fund at the end of each fiscal year such amount as will restore it to the original amount, provided that such addition shall in no year exceed 2% of the Company's pay-roll."

These terms fix definitely the liability of the defendant. The obligation to make payments out of the fund was confined to such as were ordered by the committee. In this regard the stipulations of the plan were not unlike those sometimes found in building contracts respecting architects' certificates. *Hebert* v. *Dewey*, 191 Mass. 403. *Loftus* v. *Jorjorian*, 194 Mass. 165. *Handy* v. *Bliss*,

204 Mass. 513. *Hathaway* v. *Stone,* 215 Mass. 212. *Flint* v. *Gibson,* 106 Mass. 391. The committee is made the *quasi* arbitrator as to all claims against the fund. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, and cases collected at pages 227 and 228. Moreover, this was a fund supplied and kept up entirely by the defendant and administered at its own expense. The employees made no contribution to it. The case at bar is in this respect quite distinguishable from *Miles* v. *Schmidt,* 168 Mass. 339, *Bauer* v. *International Waste Co.* 201 Mass. 197, 202, 203, *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, *White* v. *Middlesex Railroad,* 135 Mass. 216, *Meacham* v. *Jamestown, Franklin & Clearfield Railroad,* 211 N. Y. 346, and other like cases, which hold that agreements to submit all disputes arising out of particular contracts to the final decision of a tribunal selected by the parties, are void. While the relation of the defendant to its employees in this respect is contractual, it is one of a peculiar nature. The defendant makes all the contributions to the funds by voluntary action and distributes it according to a stipulated plan mutually accepted by it and the employees in the way of beneficial relief to the latter. So far as that plan is executed in good faith, no sound reason appears why its terms should not govern the rights of the parties.

The committee referred to in the regulations for administering the fund, which considered the claim of the father, the present plaintiff, to be a dependent of his deceased son, was composed of five heads of departments of the defendant, all its employees and fellow employees with the deceased. No contention has been made that the committee was not fairly constituted. It can hardly be said as matter of law that it might not be composed entirely of employees of the company. The fund was established exclusively for the benefit of its employees. To place its administration concerning payments to be made from it wholly in their hands cannot be said as matter of law to have been improper or contrary to public policy. The situation in this regard is remotely analogous to agreements for the performance of work or the furnishing of goods to the satisfaction of one party thereto, contracts which are not illegal and require at most only an honest expression of opinion or judgment. *Brown* v. *Foster,* 113 Mass. 136. *Fechteler* v. *Whittemore,* 205 Mass. 6, 10. *Hawkins* v. *Graham,* 149 Mass. 284, 287. *Farmer* v. *Golde Clothes Shop, Inc.* 225 Mass. 260, 263. The

methods of investigation of claims and general principles followed by the committee in the performance of their duties must be fair and reasonable. But there is nothing in this record to disclose anything objectionable in this regard. The principles stated and adverted to in *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass. 3, are not applicable to the facts here disclosed. Under these circumstances the court rightly instructed the jury in substance that, if the committee made no order for payment to the plaintiff because they found in good faith that he was not dependent upon the earnings of the deceased, there could be no recovery.

It remains to determine whether there was any evidence of want of good faith on the part of the committee, for, if there was not, verdict should have been ordered for the defendant. The facts pertinent in this connection are that an investigator employed by the defendant visited the father of the deceased after the accident and inquired of him respecting his dependency for support upon the earnings of the deceased. A statement was signed by the father, which contained no assertion of dependency upon the earnings of the decedent by the father and which the latter testified at the trial was incorrect in that it omitted to state that he was dependent to a certain extent upon such earnings. It does not appear that the committee had any knowledge or suspicion at the time of making their decision that the plaintiff challenged the accuracy of this statement. Further investigations were made by inquiry of several other persons, who were neighbors, relatives or friends of the plaintiff. The report of the investigator was laid before the committee. Whether there was such dependency or not was a question of fact and its decision, even on the evidence at the trial, rested upon the credibility and reliability of witnesses and their opportunity for and accuracy of observation. But it is no ground for setting aside the finding of the committee merely that they reached honestly a wrong conclusion. There is nothing in the record to show that the committee pursued any different course in examining and passing upon the claim of the plaintiff from that followed by them in other cases.

The only question is, whether the circumstances that the committee relied entirely upon the report of the investigator and did not notify the plaintiff to appear before them and give him a hearing are evidence of bad faith on their part in making an

award.  As bearing upon this point it was said in *Palmer* v. *Clark,* 106 Mass. 373, 389, respecting the duty of a referee or arbitrator agreed on by the parties in the country, "The decision may be made without notice to or hearing of the parties, unless such notice and hearing be required by express provision or reasonable implication; and it may be made upon such principles as the person agreed upon may see fit honestly to adopt, or upon such evidence as he may choose to receive."  This case has been cited frequently. The words just quoted were made in part the basis of decision in *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 428, 429, to the effect that the referees under the Massachusetts standard form of fire insurance were not required before St. 1910, c. 489, to hear the parties before making an award.   A result of this principle is that within reasonable limits as to time a decision already published may be corrected or altered, *Hathaway* v. *Stone,* 215 Mass. 212, 217, a thing which a jury cannot do after the verdict has been recorded and they have dispersed.

Doubtless it would have been wiser for the committee to have notified the plaintiff and have given him a hearing before making a decision.  But in the light of these decisions, it cannot be regarded as evidence of bad faith or dishonesty that they did not do that which they were under no obligation to do in the exercise of good faith.  No more is it evidence of bad faith that they relied upon the report of facts made by the investigator.  There is nothing to indicate that they had any reason to distrust his faithfulness, accuracy or soundness of judgment.  He was bound by every mandate of duty to be fair and impartial in doing his work. It cannot be presumed that his bias would be greater toward the defendant than toward his fellow employees and their dependents. It follows that under these circumstances there was no evidence of bad faith on the part of the committee.

*Exceptions sustained.*