BERNIE M. CONANT *vs.* ROBAIN ARSENAULT, et al.

Androscoggin.    Opinion October 13, 1919.

*Form of action to enforce an award.    Rule where the submission was under seal. Defenses where action is brought to enforce an award.    Rule as to right of action upon original claim where the submission and award are valid.    Cause of action being merged in award.*

This is an action on the case in the nature of assumpsit, to enforce an award of three hundred dollars. The plaintiff's original claim was for damages caused by the defendants or their servants and agents in negligently causing fires which destroyed property of the plaintiff. The verdict of the jury was in favor of the plaintiff in the sum of one hundred and fifteen dollars. This verdict is manifestly wrong.

1.   Had the submission been under seal, the action should have been in debt, the same as debt on judgment; but as it was not under seal, assumpsit to enforce the award was the proper form of action.

2.   The original cause of action which was one of tort had been merged in the award if valid and therefore the issue here was clearly defined.   If the award was valid the plaintiff was entitled to the full amount of the award.   If for any reason the award was invalid then the verdict should have been for the defendant.   There was no place for the compromise verdict rendered.

3.   The explanation seems to be that the cause of action as set forth in the writ was lost sight of and the case was tried throughout as if it were an action of tort for negligently setting fire to the plaintiff's property, involving the amount of damages recoverable if the defendants were liable.   Both these issues had been foreclosed if the award was valid, and no attempt was made to vitiate the award.

The verdict is entirely incongruous and should not be allowed to stand.

Action of assumpsit to recover the amount due under a certain award.   Defendant filed plea of not guilty.   Verdict for plaintiff in the sum of one hundred and fifteen dollars.

Defendant filed motion for new trial.   Judgment in accordance with opinion.

Case stated in opinion.

*George C. Wing*, for plaintiff.

*McGillicuddy & Morey*, for defendant.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.   On July 28, 1917, the plaintiff and defendants entered into a certain contract in writing, but not under seal, whereby the plaintiff sold to the defendants all the merchantable saw logs of soft wood and oak timber growing on a certain lot in East Livermore, "reserving the boughs, tops, bark, saw-dust and all slabs not used in firing the saw mill engine."   The defendants were given the right to enter upon the premises, cut the timber, install a portable saw mill and manufacture the lumber, under the terms and conditions specified in said agreement.

The fifth clause of the contract reads as follows:   "And it is hereby lastly agreed that in case any dispute shall arise between the said parties hereto relating to the sale of said lumber, timber and trees, or

to the compensation to be made for injury or damage done in felling, cutting down and carrying away the same, or to any cause, matter or thing herein contained, the same shall be finally determined by two indifferent persons, one to be chosen by each of said parties; and if such two persons shall not agree, then an umpire shall be chosen between them, whose decision shall be conclusive on both parties; and in case either of said parties shall neglect or fail to appoint a referee within ten days after request by the other party, then the referee appointed by the other party may proceed alone, and his award shall be conclusive on both parties."

The defendants entered upon the premises and proceeded to cut and manufacture the lumber. During the progress of the work three fires occurred which destroyed or injured the tops which had been reserved by the plaintiff, which fires the plaintiff claimed to be caused by the negligence of the defendants or their employees. Thereupon the plaintiff sought an arbitration and award under section five before recited. He chose John H. Maxwell as his arbitrator and in writing requested the defendants to select one. They made no reply, and in fact ignored all notices, both from the plaintiff and from Mr. Maxwell. June 28, 1918, was fixed as the date of hearing, but the defendants did not appear and Mr. Maxwell awarded $300 as the amount of damage sustained by fire on the lot.

On August 10, 1918, the plaintiff brought this suit, which is an action on the case in the nature of assumpsit, to enforce the award. The declaration after setting forth the contract in full, the submission as provided in paragraph five and the award made thereunder, concludes by stating the cause of action in these words: "Whereupon an action hath accrued to the plaintiff to have and recover of the said defendants the sum of three hundred dollars, together with interest from the date of said award."

The second count is for the same cause and alleges the defendants to be indebted in the same sum for the violation of the terms of the agreement and the non-payment of the award.

Had the submission been under seal the action should have been in debt, *Knight* v. *Trim*, 89 Maine, 469, the same as debt on judgment, but as it was not under seal, assumpsit to enforce the award was the proper form of action. *Holmes* v. *Smith*, 49 Maine, 242. The issue was therefore clearly defined. The original cause of action, which was negligence in setting fires, had been merged in the award if valid,

in the same manner as a claim under an account annexed is merged in a judgment. If the award was valid then the plaintiff was entitled to the full amount of the award, three hundred dollars. If for any reason the submission was invalid, as for instance if it were an attempt to oust the courts of their ultimate jurisdiction, *Hill* v. *More*, 40 Maine, 515; *Stephenson* v. *Ins. Co.*, 54 Maine, 55; *Dugan* v. *Thomas*, 79 Maine, 223; *Fisher* v. *Ins. Co.*, 95 Maine, 486; *Miles* v. *Schmidt*, 168 Mass., 339, or if the award was invalid for any reason, as on the ground that the proper steps and procedure in connection therewith had not been taken, or on the ground that this matter in dispute was not embraced in the provisions of section five of the contract, or if the award were impeached because of fraud, then the plaintiff was not entitled to recovery and the verdict should have been for the defendants. In that event an action can be maintained upon the original claim, namely an action of tort for negligence, *Colcord* v. *Fletcher*, 50 Maine, 398, but if the submission and award are valid then they constitute a bar to any suit upon the original claim. *Duren* v. *Getchell*, 55 Maine, 241-9. Under these circumstances there was no legal opportunity for a compromise verdict, and yet the jury found for the plaintiff in the sum of one hundred and fifteen dollars, a verdict that is manifestly wrong.

The explanation seems to be this. The defendants, instead of pleading non assumpsit as they should have done, pleaded not guilty as if this were an action of tort. The plaintiff joined issue. The case was then tried throughout as if it were an action of tort for negligently setting fire to the plaintiff's property. The cause of action, as set forth in the writ, was entirely lost sight of and all the parties treated it as a case of negligence in which the plaintiff was obliged to prove the want of care on the part of the defendants or their agents and servants, and the damages resulting therefrom. Even in the briefs before the Law Court, counsel on both sides so state the issue.

The evidence covered fully all the facts connected with the origin and extent of the fires in the effort to connect the defendants therewith, and to show the value of the property destroyed. But both these issues were foreclosed. They had been finally and conclusively determined by the arbitrator if the submission and award were valid, and could not be reopened in this proceeding.

In short the issue tendered by the writ, and the only cause of action pending before the court, has not been decided, while the evi-

dence introduced on both sides was clearly inadmissible.  The verdict is entirely incongruous and should not be allowed to stand.  It does not legally determine the rights of the parties.  *Nicholson* v. *Railroad Co.,* 100 Maine, 342-6.

*Motion sustained.*
*New trial granted.*