WESTFIELD CIGAR COMPANY *vs.* INSURANCE COMPANY OF NORTH AMERICA.

SAME *vs.* MERCHANTS' INSURANCE COMPANY.

SAME *vs.* TEUTONIC INSURANCE COMPANY.

SAME *vs.* RELIANCE INSURANCE COMPANY.

SAME *vs.* CHESHIRE COUNTY MUTUAL FIRE INSURANCE COMPANY.

SAME *vs.* SPRING GARDEN INSURANCE COMPANY.

Hampden.    September 29, 1897. — October 25, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Fire Insurance — Description of Premises — Law and Fact — Principal and Agent — Action — Defence — Exceptions — Evidence.*

Insurance against fire was effected by A. on goods " contained in brick block situated Nos. 82–90 W. Street." A. occupied the fifth story over stores numbered 84 to 90 on W. Street, and also the fifth story over a store numbered 80 on the same street, the latter being used as his warehouse. The only entrance to these premises from the street was by a doorway numbered 82 on W. Street. In an action by A. upon the policy, the evidence showed that his rooms were part of a large brick block on W. Street, all of which belonged to one owner, and which, by means of alterations made by him long before the policy was written, had become one building commonly known as " W. Block "; and that the owner, without authority, had substituted the number 80 for 82, which was the official city number of that part of the building under A.'s warehouse. *Held*, that it was a question for the jury whether the goods contained in the warehouse were covered by the descriptive clause in the policy.

In actions upon several policies of insurance, where it appears that the agent of one of the defendants acted as broker in procuring the policies written by the other defendants, no exception lies to the refusal to rule that he was the agent of the plaintiff in obtaining the insurance, if the instruction given made him the plaintiff's agent as to all the defendants except the one of which he was agent.

If an insurance company, without referring to a part of its policy called " reference clause," after receiving a proof of loss, admits its liability for the loss upon all property except that contained in a certain room, and denies its further liability solely because the policy did not cover the property in that room, it is not entitled, in an action upon the policy, to a ruling that the plaintiff cannot recover because the " reference clause " has not been complied with.

Where the defence to an action upon a policy of insurance against loss by fire is that the property in a certain room was not covered by the words in the policy " contained in brick block," the plaintiff, to show that his rooms were part of a single brick block, may show its construction, ownership, appear-

ance, and use, and that it bore one name, and was commonly designated by that name.

An objection to a question to a witness, if on the ground of its form, must be so stated when taken in order to be available upon exceptions.

An exception to the admission of a question to a witness, where his title is only incidentally involved, whether he is the owner of a building, will not be sustained, if the ground of the objection is that his deed and not his oral statement is the proper evidence of ownership, and is not stated at the time, especially if the deed is afterwards put in evidence.

A city ordinance as to street numbers is competent, in an action upon a policy of insurance against loss by fire on goods in a certain building, on the question whether the true official number of that part of the building in which some of the goods were contained was a number other than that appearing there; and the testimony of the city engineer as to the official numbering under the ordinance, with the office maps or plans from which the original numbers, and any changes officially made, can be ascertained by inference, is also competent, there being no formal record of numbers kept.

In an action upon a policy of insurance against loss by fire on goods "contained in brick block situated Nos. 82–90 W. Street," the defence was that goods in a certain room over a store numbered 80 on W. Street were not covered by the policy; and it appeared that the only entrance to the premises from the street was by a doorway numbered 82 on W. Street. A witness was asked whether there was a general custom among insurance agents in that city as to "distinguishing in insurance policies by numbers all lofts and tenements that are up stairs," and, upon answering in the affirmative, was asked what the custom was, to which he replied, "Generally go by the entrance number, those up stairs." *Held,* that the question was competent, and, in the absence of any special request as to the answer, its meaning and weight were for the jury.

SIX ACTIONS OF CONTRACT, upon policies of insurance against loss by fire on property of the plaintiff in Springfield. After the former decision, reported 165 Mass. 541, the cases were tried together in the Superior Court, before *Sherman,* J.

The jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions, which appear in the opinion.

*W. H. Brooks,* (*W. Hamilton* with him,) for the defendants.

*W. H. McClintock,* for the plaintiff.

BARKER, J. Since the former decision of these cases, reported 165 Mass. 541, they have been again tried, with verdicts for the plaintiff, and they now come before us upon exceptions taken by the defendants at the second trial.

In the former decision it was held that the jury would have been warranted in finding that under the descriptive clauses "contained in brick block situated Nos. 82–90 Worthington St.," and "contained in brick block situate Nos. 82 to 90 Worthington St.," all the rooms occupied by the plaintiff in the fifth

story were merely a part of a large block, and that the goods in the warehouse room, which was over that part of the block which bore the number 80, and the access to which was through an entrance which bore the number 82, were covered by the descriptive clause ; and also that, there being evidence that the portion of the building which upon the street actually bore the number 80 was in fact, by the official numbering of the city authorities, number 82, the official number having been changed by the owner without authority, such a substitution would not bind the plaintiff in these actions, and that he was entitled to go to the jury upon the ground that number 80 was the correct and official number of the warehouse.

At the second trial there was abundant evidence to show that the plaintiff's rooms were part of a large brick block extending upon Worthington Street some three hundred feet from Main Street, all of which belonged to one owner, and which by means of alterations and changes made by him some years before the writing of the policies, had become one building commonly known as " Wight Block." There was also evidence that the official city number of that part of the building under the warehouse was number 82, and that the number 80, which it in fact bore, had been substituted for its official number without authority. It was therefore, under the former decision, a question for the jury whether the goods in the warehouse room were covered, and the ruling requested by the defendants, that, upon the whole evidence the plaintiff was not entitled to recover more than the amount tendered, which did not include the loss on goods in the warehouse room, was rightly refused.

The exception to the refusal to rule that Warriner, the agent of one of the defendants, and who acted as a broker in procuring the policies written by the other defendants, was the agent of the plaintiff in obtaining the insurance, is not argued upon the defendants' brief. The instruction given made him the plaintiff's agent as to all the companies, except the company of which he was agent, and this exception must be overruled.

The special request in the case of the Cheshire County Company, that the plaintiff could not recover against it because the terms of that part of its policy called " reference clause " had not been complied with, is not argued upon the defendants' brief.

The bill of exceptions shows that, without referring to the clause named, the company, after receiving the proof of the loss, admitted its liability for the loss upon all the goods except those in the warehouse room, and denied its further liability solely because its policy did not cover the goods in that room. This exception is overruled. See *Reed* v. *Washington Ins. Co.* 138 Mass. 572; *Badenfeld* v. *Massachusetts Accident Association*, 154 Mass. 77.

The remaining exceptions are to the admission of evidence introduced by the plaintiff to show that his rooms were merely part of a single brick block, and that the warehouse room was officially numbered 82, and that it was known under that number in plans and rate-books used by the companies in writing risks. We find no error in the admission of this evidence. Whether the whole structure was in fact one brick block, and but one building, depended in part upon its construction, its ownership, its appearance, and its use; and it was competent to show all these circumstances, as well as the fact that it bore one name, and was commonly designated by that name. That some of the questions may be open to nice criticism as to form, is not a ground for sustaining an exception to the evidence, because the objection was not put upon that technical ground at the trial. If it had been put upon that ground, the questions would, of course, have been so changed as to avoid any sound objection upon that score. The same reason applies to the exception to the question to the owner of the block, as to whether he owned the building which had been spoken of as the Wight Block. Title by deed must ordinarily be proved otherwise than by the oral testimony of the owner. But when the witness was asked, in a case where his title was only incidentally in question, whether he was owner, if the defendants' objection was founded upon the fact that his deed and not his oral statement was the proper evidence of ownership, the ground of the objection to be now available should have been stated. Besides this, the deed itself was afterwards put in. The city ordinance as to street numbers was competent upon the question whether the true official number of that part of the block in which was the warehouse room was 82. The ordinance tended to show that there was an official numbering by the city authorities. The testimony of the city engineer as to the official

numbering under the ordinance with the office maps or plans from which the original numbers and any changes officially made could be ascertained by inference was so far as appears the only evidence obtainable, as it is not shown that any distinct record of numbers was kept, and the ordinance requires no such record, but only that the city engineer should assign the numbers. There being evidence tending to show that the numbers officially assigned had been changed, it was of course competent to show by whom the substitution had been made, and that it had not been done by the city engineer or under his sanction. The city engineer being in charge of the office, and having the custody of the plans which showed the action of his predecessor in assigning numbers, could properly testify as to that action, the plans being produced and explained in connection with his testimony. More can hardly be required as to matters of which no formal record is required or kept.

The question as to a custom was competent, and in the absence of any special request as to the answer, its meaning and weight were for the jury.*

No question of the competency of the rate-books and insurance plans is raised. Their effect was for the jury.

*Exceptions overruled.*

---

* The evidence was as follows: .

" Q. I will ask you whether or not there is a general custom among insurance agents in Springfield as to numbering, distinguishing in insurance policies by numbers all lofts and tenements that are up stairs? A. Yes, sir.

" Q. What is that custom? A. Generally go by the entrance number, those up stairs."