CHARLES M. WHITE *vs.* EDWARD A. ABBOTT.

Suffolk. November 17, 1904. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Building contracts. *Architect. Arbitrament and Award.*

If a contract for the mason work of a building, between a subcontractor, called in the contract "the contractor," and the principal contractor for the construction of the building, called in the contract "the owner," provides that if the architect shall certify that the contractor has refused, neglected or failed to perform the work called for by the contract the owner may terminate the employment of the contractor and enter the premises and complete the work, and that in such case the contractor shall not be entitled to receive any further payment under the contract until the work shall be wholly finished, at which time if the unpaid balance to be paid under the contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner, and that expenses "either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties," and if the subcontractor ceases to furnish labor and materials upon the building and the principal contractor, called the owner, by direction of the architect enters upon the premises and completes the work to the satisfaction of the architect, and the architect makes a certificate that he has audited and certified the expense, and includes therein a sum of $5,000 claimed as a commission by the principal contractor for his services in making the arrangements and supervising the work, this as matter of law is an expense within the meaning of the contract and the architect's certificate upon it is conclusive.

CONTRACT upon a contract in writing, described in the opinion, where the only material article, the fifth, is quoted. Writ in the Municipal Court of the City of Boston dated September 18, 1902.

On appeal to the Superior Court the case was heard by *Mason*, C. J., without a jury, upon an auditor's report and oral evidence. The judge refused to make certain rulings requested by the plaintiff and found and ruled as follows:

"The court finds that the architect and the defendant acted in good faith without fraud, in all that pertained to the presentation of the defendant's claim, auditing and certifying the same.

" That of the items allowed the defendant by the architect the following were not for expense incurred by the defendant for material and labor furnished for completing the contract: [four items] making in all $2,705.38.

" What the architect was authorized to audit, and upon which his certificate is conclusive upon the parties under Article 5, is the expense incurred by the defendant for materials or labor in completing the contract, and any damage sustained by the defendant through the plaintiff's default. The architect derived no authority from this article to audit or certify expense incurred for any other purpose. The provision does not oust the jurisdiction of the court to determine what expense incurred by the defendant was for the purpose named. As to all expense incurred for the purpose of completing the contract, the decision of the architect, acting in good faith, without fraud on his part or on the part of the defendant, and his certificate thereof are conclusive, and not subject to revision by the court."

The judge found for the defendant ; and the plaintiff alleged exceptions.

The case was argued at the bar in November, 1904, before *Knowlton,* C. J., *Morton, Lathrop, Barker,* & *Loring,* JJ., and afterward was submitted on briefs to all the justices.

*W. Mooers & F. H. Stewart,* (*W. J. Desmond* with them,) for the plaintiff.

*J. K. Berry,* (*E. C. Upton* with him,) for the defendant.

KNOWLTON, C. J. The defendant was the original contractor for the construction of a large building, and in the subcontract hereafter described is called " the owner." W. L. Clark and Company, as subcontractors, agreed with him to do the mason work for the sum of $73,000, under the direction and superintendence of one Safford as architect. The fifth article of this subcontract is as follows : " Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architects, the owner shall be at liberty, after two days' written notice to the contractor, to provide any such labor or materials,

and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architects shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession, for the purpose of completing the work comprehended under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties." The plaintiff sues as assignee of this subcontract, to recover the balance due thereon.

On April 5, 1901, Clark and Company ceased to furnish labor and materials upon the building, and the defendant, by the direction of the architect, entered upon the premises to complete the work. This was done to the satisfaction of the architect, about September 1, 1901. On January 10, 1902, the architect made a certificate, under the fifth clause of the contract, that he had audited and certified the expense incurred by " the owner " in completing the contract. According to this certificate, this expense of completion exceeded the unpaid balance by $4,411.14. One item of expense included in the certificate was $5,300, claimed as a commission and allowed to the defendant for his services in making the arrangements and supervising the work. The principal question is whether this item should be reduced, or stricken out, or allowed to stand.

The validity of the provision contained in Article 5, authoriz-

ing the architect to certify the amount of expense incurred by the owner, has not been questioned in the argument before us, and we are of opinion that it is not like those agreements which cannot be enforced because they purport to oust the courts of jurisdiction by submitting the determination of all rights under the contract to an arbitrator, but is one of a different class. *Audette* v. *L'Union St. Joseph,* 178 Mass. 113. *Flint* v. *Gibson,* 106 Mass. 391. *Palmer* v. *Clark,* 106 Mass. 373. *Robbins* v. *Clark,* 129 Mass. 145. *White* v. *Middlesex Railroad,* 135 Mass. 216, 220. *Mittenthal* v. *Mascagni,* 183 Mass. 19, 23. *New England Trust Co.* v. *Abbott,* 162 Mass. 148, 154. *Norcross* v. *Wyman,* 187 Mass. 25. A certificate made under such a contract, in the absence of fraud, or of such palpable mistake as prevents the arbitrator from the exercise of his judgment upon the matters submitted to him, is binding upon the parties. See cases above cited. Also, *Martinsburg & Potomac Railroad* v. *March,* 114 U. S. 549; *Sharpe* v. *San Paulo Railway,* L. R. 8 Ch. 597, 607; *Korf* v. *Lull,* 70 Ill. 420 ; *Dingley* v. *Greene,* 54 Cal. 333. In the present case, both the auditor and the judge before whom the case was tried in the Superior Court, have found that the " architect and the defendant acted in good faith without fraud, in all that pertained to the presentation of the defendant's claim, auditing and certifying the same." The judge also ruled that " as to all expense incurred for the purpose of completing the contract, the decision of the architect, acting in good faith, without fraud on his part or on the part of the defendant, and his certificate thereof are conclusive, and not subject to revision by the court."

The plaintiff contends that the allowance for services was not expense within the meaning of the contract, and that therefore the architect could not certify it. Of course he could not create for himself jurisdiction, and he had no authority to allow as expense a claim which was outside the class which he was appointed to consider. Claims were within his jurisdiction for examination if they were of the class intended to be submitted to him, upon which his certificate was to be conclusive. We are of opinion that within the class designated, which fairly may be called claims for expense under the contract, he could make a certificate that would be conclusive. We are of opinion that

the defendant's claim of a compensation for services belonged to the class of claims for expenses to be passed upon by him. We therefore hold, as matter of law, that it was within his jurisdiction, to be allowed or disallowed, in whole or in part, under his appointment. We do not pass upon the question whether the sum of $5,300 allowed by the architect was more than properly should be allowed for overseeing the work, because the architect's conclusion upon the amount is final.

Because it was within the class of claims which he was authorized to audit and certify, his certificate is conclusive and this court has no power to disregard it. Other claims, which were disallowed by the Superior Court as not within his authority to audit and certify, we have no occasion to consider.

*Exceptions overruled.*