JOHN LOFTUS *vs.* ELEAZAR D. JORJORIAN & another.

Worcester. January 21, 1907. — February 26, 1907.

Present: KNOWLTON, C.J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract*, Building contract. *Set-off. Damages*, Recoupment. *Pleading, Civil*, Answer. *Architect. Arbitrament and Award.*

Where a contract for the erection of a building provides that if the contractor fails to perform his part of the contract the owner may terminate the employment of the contractor and finish the work himself and if the unpaid balance of the

amount to be paid under the contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner, and where a subsequent clause of the contract fixing the contract price provides "that the sum to be paid by the owner to the contractor for said work and materials shall be" the amount named, "subject to additions and deductions as hereinbefore provided," the contractor in suing on this contract, after he has failed to complete his work and the building has been finished by the owner, in order to recover must show affirmatively that the balance due him exceeds the amount of the expense properly incurred by the owner in finishing the work, and for this purpose expenses properly incurred by the defendant must be deducted although their amounts were determined after the commencement of the action and for that reason they could not be included by the defendant in a declaration in set-off. Such expenses are not deducted by way of recoupment and may be shown by the defendant under a general denial.

Where a building contract provides that the expenses incurred by the owner of a building in finishing it after the contractor has failed to do so " shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties," in the trial of an action upon the contract, if it appears that the architects' certificates of such expenses, which are put in evidence by the defendant, were made properly and seasonably and there is no evidence of bad faith in their issue, they are conclusive as to all matters within the authority of the architects.

CONTRACT for a balance of $1,721.08 alleged to be due under a contract in writing for the erection of a building on Beacon Street in Worcester and also the sum of $633.08 for extra work and materials, the plaintiff alleging that he performed his part of the contract until further performance was stopped by unreasonable objections on the part of the defendants. Writ dated June 13, 1903.

The defendants filed an answer containing a general denial, a plea of payment and a declaration in set-off, alleging that the plaintiff so failed to perform the work required of him by the contract that the defendants took possession of the building and finished it, thereby incurring expense and damage which left a balance of $1,425 due from the plaintiff to the defendants.

In the Superior Court the case was referred to William J. Taft, Esquire, as auditor, and later was heard upon the auditor's report by *Fox*, J., without a jury. The auditor found for the defendants in set-off for the sum of $466.72 with a proviso in the nineteenth paragraph of his report that "if the certificates described in the eighteenth paragraph of this report are conclusive upon the rights of the parties then the amount found due

the defendants, in the preceding clause, should be increased by the sum of five hundred and twenty-five dollars."

At the hearing before the judge no evidence except the auditor's report was offered by either side. The plaintiff asked the judge to make the following rulings:

First. That there has not been filed in this case any sufficient declaration in set-off entitling the defendants to a judgment for an excess over the amount claimed to be due the plaintiff.

Second. That the certificates mentioned in the seventeenth and eighteenth findings in the auditor's report should not have been allowed by the auditor as items in set-off, because there were no such amounts determined " at the commencement of the action " as required by the statute.

Third. That the items numbered respectively 28, 34 and 35 in the defendants' declaration in set-off are not proper items to be allowed in set-off.

Fourth. That the items numbered 13, 32 and 38 in the defendants' declaration in set-off are not proper items to be allowed in set-off.

Fifth. The defendants may not recover both by way of recoupment and also by set-off under the pleadings.

The judge made the following memorandum of findings:

" The plaintiff contends that certain items found in the defendants' declaration in set-off are not proper items of set-off, because they are for unliquidated damages and because the architects' certificates therefor were made after the date of the writ.

" These objections would be good if these items could be considered only in set-off. But under the contract the plaintiff is not entitled to recover the contract price, but only the contract price less the expense and damage incurred by the owner, and he cannot prevent the defendants from availing themselves of the architects' certificates in defence by bringing his suit before the damage has been ascertained. All items which cannot be used in set-off may properly be used in reduction of the plaintiff's claim for the contract price; and as the items which are proper items of set-off are more than enough to sustain any judgment to which the defendants are entitled, the technical difficulty disappears.

" As the auditor has found that there is no evidence of bad faith in the issuance of the certificates, it follows that the architects' certificates as to all matters within their authority are conclusive, and the balance in favor of the defendants must be increased by the sum of five hundred and twenty-five dollars."

The contract was dated August 2, 1902. The fifth article was as follows :

" Art. V: Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architects, the owner shall be at liberty, after three (3) days' written notice to the contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract ; and if the architects shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession, for the purpose of completing the work comprehended under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor ; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

The ninth article began as follows :

" Art. IX. It is hereby mutually agreed between the parties

hereto that the sum to be paid by the owner to the contractor for said work and materials shall be $13,675.00/100 thirteen thousand six hundred seventy-five and 00/100 dollars; subject to additions and deductions as hereinbefore provided, and that such sum shall be paid in current funds by the owner to the contractor in installments, as follows:" [Here followed the stipulations as to the times of payment.]

The judge found for the defendants, and assessed damages upon the declaration in set-off in the sum of $1,202.95. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. B. Ratigan, J. E. Swift & J. J. Moynihan, Jr.*, for the plaintiff.

*G. S. Taft & E. I. Morgan*, for the defendants.

SHELDON, J. The second, third and fourth rulings asked for by the plaintiff apparently were given, but the judge ruled that the amount of the items mentioned, so far as proved, if not allowed in set-off, could properly be used in reduction of the contract price. This was correct. The promise of the defendants in Article IX. of the agreement sued on was not to pay to the plaintiff the sum therein mentioned, but to pay said sum "subject to additions and deductions" as before provided in the agreement; and these items are properly to be included in such deductions. Accordingly they were not deducted from the plaintiff's claim by way of recoupment, but were deducted from the contract price to ascertain the sum with which the plaintiff was to be credited. For the same reasons it is evident that the plaintiff's fifth request was given.

The judge correctly ruled that the architects' certificates, there being no evidence of bad faith in their issue, were conclusive as to all matters within their authority. *Hebert* v. *Dewey*, 191 Mass. 403. *White* v. *Abbott*, 188 Mass. 99. These certificates were properly and seasonably made; and the judge rightly gave them their full effect.

The exception to the refusal to give the first request has not been argued; and we treat it as waived.

*Exceptions overruled.*