HATTIE S. HATHAWAY, executrix, & another *vs.* RICHARD STONE.

Suffolk.    March 13, 1913. — June 16, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Contract,* Building contracts, Construction. Validity. *Referee. Architect. Waiver.*

A building contract contained many provisions making the architect a *quasi* arbitrator to determine whatever questions should arise as to the details of the work to be done and the quality of materials to be furnished. The contractor was to be paid in monthly instalments as the work went on "only upon certificates of the architect," the final payment to be made within thirty days after the completion of the work, and all payments to be due when certificates for them were issued. It was stipulated "that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials." The contract provided in terms for the submission of certain disputes, if they arose, to the determination of a board of arbitrators, either originally or by appeal from the decision of the architect.

*Held,* that, except as to the matters for which determination by a board of arbitrators was provided, the certificate of the architect, made in good faith, as to the amount due upon the final payment was conclusive between the parties.

The objection, that a provision in a building contract, which makes the issuing of the final certificate by the architect conclusive as to the performance of the contract, is void as an attempt to oust the courts of their jurisdiction, is not open after the decision of the architect has been made and the parties have been notified of it without previous objection from either of them.

CONTRACT for a balance of $1,756.50 alleged to be due under a contract in writing dated May 8, 1906, by which the partners of a firm of contractors, doing business under the name of A. Hathaway's Sons, agreed to make certain alterations of and additions to a house of the defendant numbered 365 on Marlborough Street in Boston. Writ dated December 1, 1908.

In the Superior Court the case was heard by *Irwin, J.,* without a jury. A change in the parties, made improperly upon the death of one of the plaintiffs, is explained in the opinion. The case had been referred to W. H. H. Emmons, Esquire, as auditor, and the auditor's report was the only evidence introduced at the hearing. The material provisions of the contract are stated in the opinion.

The defendant asked the judge to make certain rulings, among which was the following: "5. The court rules that the final certificate [of the architect], so-called, is not, as a matter of law, conclusive upon the defendant as to the performance of the specifications by the plaintiffs, and did not as a matter of law bind the defendant to the acceptance of either work or materials not in accordance with the contract, and did not as a matter of law preclude him from the recoupment of damages."

The judge refused to make this and other rulings requested by the defendant.

The judge, after stating that the auditor made no finding of fraud or bad faith on the part of the architect or of the parties to the contract, and that the counsel for both parties disclaimed any contention of fraud or bad faith on the part of the architect, made the following ruling: "That the certificate issued by the architect under date of November 30, 1906, being his final certificate under the provisions of the contract, wherein he states that there is due to the plaintiffs the sum of $1,756.50, is conclusive upon

the question of the rights and liabilities of the parties to the contract; and the plaintiffs are entitled to recover in this action the sum stated in said certificate, with interest from the date of the writ."

The judge found for the plaintiffs in the sum named; and the defendant alleged exceptions.

*R. B. Stone,* for the defendant.

*F. J. Carney,* (*W. N. Poland* with him,) for the plaintiffs.

SHELDON, J. After the death of one of the partners by whom the action was brought, and after the auditor's report had been filed, the executrix of the will of the deceased partner came in as a party plaintiff and the case since then has been prosecuted by her and the surviving partner together, instead of the latter alone, as should have been done. *Walker* v. *Maxwell,* 1 Mass. 104. See *Lee* v. *Blodget,* 214 Mass. 374. As, however, no question with regard to this erroneous procedure has been raised by the exceptions, we merely call attention to the matter that it may not be thought to have been approved by the court. For convenience we refer to the contractors as the plaintiff.

By the written contract between these parties, the plaintiff agreed to make certain alterations and additions to the defendant's house for a fixed price, which was to be paid in monthly instalments as the work went on, "only upon certificates of the architect . . . in amounts equal to eighty-five per cent of the value of the work done;" the final payment to be made within thirty days after the completion of the work, and all payments to be due when certificates for the same were issued. It was stipulated by the tenth article of the contract "that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

The first question is whether by the terms of the agreement it was left to the architect not only to determine and to state by what have been called "progress" or provisional certificates the value of the work done at the end of each month, but also at the completion of the work or within thirty days thereafter to decide whether the whole work had been properly done, and if so,

to give his final certificate for the payment of the full contract price. The question must be settled by looking at the whole contract. This is a very inartificial document and one not easy of interpretation; but we are to ascertain from it, as best we may, the real intent of the parties when they executed it, and as far as possible give effect to that intent.

We find in the contract no provision other than what has been stated for the giving of such certificates by the architect. But some parts of the contract do throw light upon the question. It was stipulated that the work should be done under the direction of the architect, and that his decision as to the construction of the drawings and specifications should be final. No alterations were to be made in the work except upon his written order. The plaintiff was to provide at all times facilities for the inspection of the work by the architect or his representatives, was to remove all materials condemned by him, to take down and remove all work condemned by him as unsound or improper, and make good all work damaged or destroyed thereby. The architect was to certify if there was any neglect or refusal on the part of the plaintiff to supply a sufficient force of workmen or a sufficient supply of proper materials, and substantial rights were thereupon to be vested in the defendant and substantial burdens to be imposed on the plaintiff, going so far finally as to allow the defendant to terminate the employment of the plaintiff, to exclude him from the premises, and to complete the work at his, the plaintiff's, risk and even at his expense, if that expense, to be audited and certified to by the architect, should exceed the amount that otherwise would be payable to the plaintiff. The architect was in the first instance to determine whether any and what allowance should be made to the plaintiff if the prosecution or completion of the work should be delayed by the act or default of the owner or of the architect, or otherwise without fault of the plaintiff.

Looking at these stipulations in connection with the provision as to the making of the payments upon certificates to be given by the architect, we are of opinion that the parties intended to make the architect a *quasi* arbitrator to determine whatever questions should arise as to the details of the work to be done, as to the quality of the materials to be furnished by the plaintiff, and as to the character of his work and the condition of the undertaking as it

was to be completed by the plaintiff.   There was no provision that the work should be made satisfactory to the defendant, the owner of the building, or that it should meet his approval when completed.   The whole scope and purpose of the contract seem to have been that everything should be done to the satisfaction of the architect, and so as to gain his final approval.   He was to stand between the plaintiff and the defendant.   It was upon his provisional certificates that partial payments of the contract price, according to the value as fixed by him of what had been done, were to be made by the defendant.   It was upon his final certificate that the residue of that price was to be paid.   We cannot doubt that all these questions were intended by the parties to be left to the determination of the architect.   *Hebert* v. *Dewey*, 191 Mass. 403.

It remains to be decided whether his final decision and the final certificate issued by him, that the plaintiff was entitled to receive, with the adjustments made by him, the unpaid balance of the contract price, were conclusive in this action.   As this was the determination, made in good faith by one who stood in the position of an arbitrator, of a matter which both parties had left to his decision, his determination must be conclusive unless the contract otherwise provides.   Moreover the provision already quoted, "that no certificate given or payment made . . . except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part," goes far to show the intention that the final certificate (or the final payment, if nothing more were said) should be conclusive, as the final determination of the tribunal selected to pass thereon.   We are confirmed in this view by the fact that the contract provides in terms for the submission of certain disputes, if they arise, to the determination of a board of three arbitrators, either originally or by way of appeal from the decision of the architect; but those provisions do not include the subject matter now before us.   As to this the decision of the architect is left to be final.

The defendant contends however that the further provision of the tenth article, that "no payment shall be construed to be an acceptance of defective work or improper materials," shows that the final certificate, upon which alone the final payment is

to be made, was not intended to be conclusive upon this question. He argues that if the final payment is not to bar an action (and a claim for recoupment stands upon the same ground as an action) for defective work or improper materials, the final certificate which is a condition precedent to the final payment can have no greater effect than the payment itself, and so cannot bar the claim which the defendant now makes. The majority of the court cannot accept this reasoning. The tenth article, as we have seen, provides in substance that the final certificate or the final payment made thereunder shall be conclusive. This is then limited as to the effect of the payment merely; the operation of the final certificate is left unaffected and unlimited. This language is wholly satisfied by its effect in relieving the owner from the result of a voluntary payment made without having insisted on the certificate which he might have demanded. The stipulation of the parties was that no payment should be deemed to be an acceptance of defective work or improper materials; we have not the right to add to this a further stipulation which they did not choose to make, that a final certificate followed by a payment shall have no greater effect than a bare payment. When they meant to cover both payments and certificates, as in the earlier part of this tenth article, they said so in their agreement.

Again, this contract, made several years after the decision in *Palmer* v. *Clark*, 106 Mass. 373, was very likely drawn in view thereof. It was settled in that case that such a decision as we have here might be revised and corrected by the *quasi* arbitrator who made it. In that case the amount of filling done under a contract was left by the contract to the decision of an engineer. The engineer made a decision as to that amount and gave a certificate thereof. He afterwards made new measurements, reached a new decision, and gave a new certificate of a different amount, which was relied upon by the plaintiff. The defendant (p. 385) argued that the power of the engineer as arbitrator was exhausted when he gave his first certificate, and that a new award could not be made without the consent of both parties. But the court said (p. 389): "Without doubt he may, within reasonable limits as to time, revise and alter his decision, when it can be done without prejudice to the rights of either party." If in the case at bar the architect had revised and corrected his decision as shown by

his final certificate, the present difficulty would have been removed. The defendant could then, perhaps, under the language of the contract last quoted, have maintained an action upon the claim now set up in recoupment, even though, before the new decision of the architect, he had made full payment of the contract price. As the matter now stands, we cannot avoid the conclusion that the ruling of the Superior Court was right.

The defendant has relied upon the language used in *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 95, that, even if the architect's indorsement were "given effect as a certificate, the architect's approval did not bind the defendant to the acceptance of either work or material not in accordance with the contract or preclude him from the recoupment of damages." But the court there was speaking of a "progress" or provisional certificate. It already had been held that the indorsement was not a final certificate, and the court added in effect that regarded as a provisional certificate it could not have the effect claimed. See also *National Contracting Co.* v. *Commonwealth,* 183 Mass. 89; *White* v. *Abbott,* 188 Mass. 99; *Loftus* v. *Jorjorian,* 194 Mass. 165 ; *Handy* v. *Bliss,* 204 Mass. 513.

The defendant contends also that the contract, construed as we have construed it, is void as being an attempt to oust the courts of their jurisdiction. We need not consider whether this claim originally could have been availed of. It comes too late, after the decision of the architect has been made and published without previous objection by either party. *Norcross* v. *Wyman,* 187 Mass. 25, 27.

*Exceptions overruled.*