*Decree accordingly.*

---

HENNEBIQUE CONSTRUCTION COMPANY *vs.* BOSTON COLD STORAGE AND TERMINAL COMPANY.

Suffolk. March 25, 1918. — May 31, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Building contract, Construction, Performance and breach. *Architect. Estoppel.*

Where a building contract in writing contained a provision that "the final payment shall be made within forty-five days after the completion of the work included in this contract, and all payments shall be due when certificates for the

same are issued," and also a provision that "no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials," a letter of the architect, containing an acceptance of the building upon condition that the contractor is to remedy certain defects of workmanship or of materials, is not of itself a final certificate which can be treated as conclusive evidence of performance, although the contractor promptly performs the conditions named in the architect's letter.

The certificate required by the provisions above quoted must be complete and must contain a statement in writing authenticated by the signature of the architect that the final payment, naming the amount, is payable to the contractor under the terms of the contract.

In an action upon the contract above described, where the architect wrote a letter to the contractor accepting the building upon condition that certain defects of workmanship and of materials should be remedied, and these were remedied, and it appeared that the architect's letter, before being sent to the contractor, had the approval in writing of the owner, it was stated that the questions *whether*, under all the circumstances, the letter operated as a waiver of the right of the owner to insist upon the architect's final certificate, and, if it did so operate, *whether* the owner thereby was precluded from claiming in recoupment damages for defective workmanship or materials, were not raised by the record.

CONTRACT for a balance alleged to be due for the construction of a concrete building. Writ dated May 4, 1912.

The declaration was in five counts, setting forth claims under a building contract and on a *quantum meruit*. The answer contained a general denial, set forth a claim of recoupment and alleged that as a prerequisite to recovery the plaintiff was required by the contract to procure a final certificate of the architect, which had not been procured.

The action was referred to an auditor, whose report was in evidence. Among other findings of the auditor was a finding that the letter of March 16, written by the architects and described in the opinion, was given as a final certificate.

The other material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. The plaintiff is not entitled to recover without producing a final certificate or showing that it was prevented from producing same by some act of the defendant or its agents.

"2. Article 9 of the contract requires an architect's final certifi-

cate. The plaintiff has offered as a final certificate only the letter from Monks and Johnson dated March 16. This is not a final certificate under the terms of the contract.

"3. The final certificate should contain a final accounting between the parties showing credits and balances due and should certify that the work has been completed according to the terms of the contract."

"5. Even if the letter of March 16 is a final certificate it does not bind the defendant to the acceptance of work or materials not in accordance with the terms of the contract or preclude it from recoupment for such damage."

The rulings were refused. The presiding judge left it to the jury to determine whether the plaintiff procured a final certificate of the architects as required by the contract, giving to them among others the following instructions:

"No technical accuracy is required in the form of wording of this certificate. It isn't necessary, if I understand it, that the architects should use any particular set phrases, or that their certificate should be drawn up in any particular form, or that they should use any blank which may be provided for such certificates. Of course where the certificate is perfectly plain and there can be no doubt, no ambiguity, about its terms, it is for the court to say whether or not it does comply with the requirements of the contract. There may be cases, however, where the paper which is presented as a certificate upon its face is open to some doubt and there is some ambiguity about it. Now in this case I am going to leave to you the question of whether or not the paper, which is relied upon as a certificate, is one in fact. It seems to me that in this case it is within your province to say whether or not this paper is the final certificate of the architects."

The jury found for the plaintiff in the sum of $19,513.17. The defendant alleged exceptions, the bill of exceptions stating that the exceptions were intended only to raise the question, whether the letter from the architect to the plaintiff of March 16, 1912, could be found to be a final certificate under the terms of the contract and whether it precludes the defendant from recoupment for damages.

*A. E. Yont,* for the defendant.

*W. C. Adams,* for the plaintiff.

BRALEY, J.   The record recites that the defendant's exceptions "are intended only to raise the question whether the letter from the architects to the plaintiff of March 16, 1912, could be found to be a final certificate under the' terms of the contract and whether it precludes the defendant from recouping for damages."

The auditor found that the defendant had suffered damages because the building had not been constructed in all details as required by the contract, but he apparently did not make any assessment because he ruled, that "the defendant was precluded by the final certificate from recoupment for such damages." · The tenth article reads, "It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

The uncontradicted evidence, to the admission of which neither party objected, shows that during construction many changes were made, and "extras" ordered which were the subject of discussion between the architects and the plaintiff, and that during the period preceding the date of the action the amounts in dispute had not been settled or referred to arbitration as provided for in article twelve.   The defendant however occupied the building at some time previous to the date of a letter that one of the architects wrote enclosing 'a letter which he proposed sending to the plaintiff, to which the defendant replied, "Your letter of acceptance" to the plaintiff "is correct in accordance with the understanding, . . ." and thereupon the letter was forwarded which is relied on as being the final certificate required under articles nine and ten.   The material portions state, that "the building . . . which you have just completed for the . . . company is accepted subject, however, to the provision that the various items mentioned in our conversation with your Mr. Baffrey and with Mr. Freeman are satisfactorily attended to at once."   The items are then enumerated, and before bringing suit the plaintiff as the defendant concedes complied with these requirements.   But, notwithstanding the letter, the correspondence thereafter between the defendant and the plaintiff and between the plaintiff and the architects unequivocally shows the defendant as constantly asserting that the

contract had not been fully performed in many important details, to remedy which it had been or would be put to large expenditures, while the plaintiff, inclosing a statement of its account, asked the architects "to go over this statement and let us know if you are able to issue the final certificate according to same or if any adjustment should be made to urge upon a prompt action to settle the controversy." The architect who during the correspondence apparently acted for the firm of architects named in the contract of which he was a member, was a witness at the trial and, upon being asked, "Up to the time you received this letter you had not made out any architect's certificate or any other statement beyond the letter . . . and you had not in any manner adjusted or determined on the amount of the balance due the plaintiff under the contract so that the exact figures could be put in the form of a certificate," replied, "I do not think that under the contract the way the parties looked at it, we could. . . . I think we took the stand that our letter of March 16 was sufficient."

While it is obvious that neither party understood that the letter had ended their difficulties leaving nothing more to be done, and that the final payment had become due, the letter, which at most is only a qualified or conditional acceptance of the building, does not specify the amount of the payment, or furnish any data from which it could be computed.

By article nine, "the final payment shall be made within forty-five days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued." The forty-five days do not begin to run until the final certificate of payment is furnished, and it is settled by *Norcross Brothers Co.* v. *Vosé*, 199 Mass. 81, under a contract the same in form, that a letter containing acceptance of the building upon condition that the contractor is to remedy certain defects of workmanship or of materials, is not of itself a final certificate which can be treated as conclusive evidence of performance. Nor does the contract read that the final payment is to be made when the architects have accepted the building, and that such acceptance shall be conclusive upon the parties. If it did, a statement signed by them showing acceptance might be sufficient. *Leverone* v. *Arancio*, 179 Mass. 439, 442. *Glacius* v. *Black*, 50 N. Y. 145, 150. The architects also even if they were not to take evidence are empow-

ered and required to act as if they were arbitrators, and, the final payment having been made dependent on their determination as manifested by the certificate, there can be no conclusive evidence entitling the plaintiff to the balance of the contract price less such deductions, if any, as they may determine, until this duty has been performed. *Loftus* v. *Jorjorian*, 194 Mass. 165. *Gilmore* v. *Courtney*, 158 Ill. 432.

The parties under the express terms of the contract were not required to make adjustments by which all disputes should be settled and the amount of the final payment fixed. It is implied from the instrument as a whole, that as the result of the architects' honest judgment the certificate or decision, which is to be final, shall also be complete. *Chism* v. *Schipper*, 22 Vroom, 1, 13. *Hudson* v. *McCartney*, 33 Wis. 331, 345. The contractor is entitled to know how much is finally coming to him concerning which as the plaintiff contends there can be no further controversy, and the owner has the right to be informed of the amount he has to pay within the time prescribed, so that he can make the necessary arrangements and avoid being subjected to the costs and annoyance of litigation to which he may have no defence. *Beharrell* v. *Quimby*, 162 Mass. 571. *Hathaway* v. *Stone*, 215 Mass. 212. *Wilson* v. *Borden*, 39 Vroom, 627. *Sharpe* v. *San Paulo Railway*, L. R. 8 Ch. 597, 609. The architects also under article three are in the first instance to determine what sums should be allowed for alterations, as well as whether any deductions are to be made for imperfect or incompleted work or unsuitable materials, and if neither party dissented their decision is final. *Norcross* v. *Wyman*, 187 Mass. 25. *Hebert* v. *Dewey*, 191 Mass. 403.

It is plain that, material alterations having been made, it was the duty of the architects to act as required. But the record shows that when the action was begun the amounts claimed by the plaintiff for changes or alterations, or "extras" ordered, had neither been approved by the architects nor submitted to arbitration under article twelve as suggested by them. The provision as to alterations did not relieve the plaintiff from its agreement to perform the work according to the plans and specifications as they had been modified. It would seem to be reasonably clear that under this condition of affairs the defendant ought not to be deprived of the protection of the contract.

A certificate under article ten means, and was intended by the parties to mean, a statement in writing authenticated by the signature of the architects that the final payment, naming the amount, is payable to the plaintiff under the terms of the contract. *Wyckoff* v. *Meyers*, 44 N. Y. 143, 145. *St. John's College* v. *Aetna Indemnity Co.* 201 N. Y. 335, 340. It was such a certificate given under a contract which in all essential particulars corresponded with the contract in question, which was adjudged to be conclusive in *Hathaway* v. *Stone*, 215 Mass. 212.

The construction of the contract, and of the letter ,when read in connection with the contract, was a question for the court, and not for the jury to whom it was submitted. The plaintiff has offered as a final certificate only the letter, which as previously said is not in form or substance the final certificate called for under the contract. We are therefore of opinion that the defendant's second request, that "Article nine of the contract requires an architect's final certificate," should have been given, and the instructions under which the jury were permitted to find that the letter of acceptance was such a certificate were erroneous.

It may be added that while the letter of acceptance was sent with its assent, the question, how far, if at all, the letter operated as a waiver by the defendant of the right to insist upon the plaintiff's procuring a certificate as a condition precedent to maintaining an action for the unpaid balance of the contract price, and whether, if a waiver were found, the defendant can recoup for defective workmanship or materials, are questions not raised by the record, and not argued by counsel.

*Exceptions sustained.*