JOHN F. WALSH vs. EMDON B. CORNWELL.

Suffolk.   May 14, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Building contract, Performance and breach, Construction. *Practice, Civil*, Auditor: recommittal of report, ordering judgment on report. *Damages*, In contract. *Evidence*, Competency; Opinion: expert.

Where no ground for recommitting a report filed by an auditor, to whom had been referred an action, was shown outside the report itself, the denial by a judge of the Superior Court of a motion to recommit on the ground of the form of the report presented no question of law to this court; the matter was within the discretion of the judge.

There was no merit in a contention that the report of an auditor, to whom had been referred an action for breach of a contract in writing, was incomplete in that it did not set forth the contract, where a copy of the contract was attached to the plaintiff's declaration and was incorporated in the report by reference.

The disposition of a motion to recommit the report of an auditor in an action, on the ground that the auditor had refused to reopen the case "for the purpose of hearing new and additional testimony," was within the discretion of the judge who heard the motion.

Rulings as to the admission and exclusion of evidence by an auditor, to whom was referred an action under a rule specifying that his findings of fact should be final, are open to review by this court upon exceptions to the denial of a motion to recommit the report.

Where testimony admitted by an auditor hearing an action appeared to have been disregarded by him, the question, whether, if such evidence was admitted improperly, the auditor's report should be recommitted for that reason, was within the sole discretion of a judge who heard a motion to recommit, and was not open to review by this court.

Where an action is referred to an auditor under a rule specifying that his findings of fact shall be final, his findings stand upon the same footing as the verdict of a jury, and, if the facts found by him so warrant, it is proper for a judge of the Superior Court hearing the action thereafter to order judgment for the plaintiff.

A contract for the construction of a house contained provisions that no payment by the owner, except the final payment, should be construed as an acceptance by him of defective work or improper materials; that, if the architect certified a default of the contractor, the owner himself might complete the work, in which event the expense incurred by him "shall be audited and certified by the architects, whose certificate

thereof shall be conclusive upon the parties"; and a provision for arbitration if the "owner and contractor fail to agree in relation to matters of payment." Upon completion, the owner took possession, but, alleging that the contractor's work was defective and not in accordance with the contract, withheld from the contractor the last payment of $900 and brought an action against him for breach of the contract. The action was referred to an auditor whose findings of fact were to be final, and who found that the defendant's work was defective; that, to tear down parts of the house and rebuild it in accordance with the contract would cost at least $4,000 and would not be "practicable and economical"; that the fair market value of the house at the time of completion, if it had been constructed according to the contract, would have been $13,400; that the actual market value at that time was $8,700; and that the plaintiff, after that time, had expended about $300 to remedy certain minor defects. It did not appear that there was any "intentional departure from the contract in a material matter" by the defendant. A judge of the Superior Court ordered judgment for the plaintiff in the sum of $4,900. *Held,* that

(1) A statement by the architect, offered by the defendant, showing the amount which, in his opinion, should be allowed by the defendant to the plaintiff for defects, but not purporting to be an architect's certificate within the meaning of the contract, was mere hearsay and properly was excluded by the auditor;

(2) In view of certain detailed findings by the auditor as to the qualifications of an expert, it could not be said by this court that he was not qualified to give testimony as to the value of the house on the date of its completion;

(3) There was no error in the admission of testimony of such expert where the defendant's objection thereto was based, not on the ground of the provisions in the contract as to a certificate by the architect, but solely on the ground that the witness was not properly qualified;

(4) The provision of the contract as to a certificate by the architect concerning the damages caused by the defendant's defaults was applicable only in the event that the plaintiff terminated the defendant's employment and himself undertook to complete the house; and such a certificate therefore was not a condition precedent to recovery, since the plaintiff had not resorted to that remedy, but had sought damages for defective construction of the completed house;

(5) Even if the question at issue between the parties was included in the provision in the contract for arbitration, a submission thereof to arbitration was not a condition precedent to the maintenance of the action;

(6) The house having been completed by the defendant, the proper measure of damages was the difference between the value of the house as left by the defendant and what its value would have been had it been completed in accordance with the contract, less the sum of $900 which the plaintiff had withheld: the proper measure was not the "reasonable cost of completing the work," as contended by the defendant;

(7) The plaintiff was not entitled to recover the $300 which he had spent in remedying minor defects, since his expenditure was subsequent to the date on which the value of the completed house was fixed;

(8) Judgment should have been entered for $3,800 instead of $4,900;

(9) Although it was proper for the trial judge to order judgment for the plaintiff, an exception by the defendant thereto must be sustained by reason of the erroneous amount of the judgment;

(10) Under G. L. c. 231, § 124, this court ordered judgment for the plaintiff in the sum of $3,800, "all the facts necessary for determining the question in dispute" being before it.

CONTRACT. Writ dated June 14, 1927.

In the Superior Court, the action was referred to an auditor, his findings of fact to be final. The auditor's findings with regard to the qualifications of the plaintiff's expert engineer were as follows: "I find, . . . that he is a construction engineer with experience since 1905; that when he testified he was superintendent supervising construction for architects engaged in building a 27-story structure at Federal and High Streets, Boston, for the United Shoe Machinery Company; that he has been engaged in superintending construction in the past upon buildings of a value of 100,000,000 dollars; he so worked on the Park Square Building in Boston, on all major buildings erected in the last ten years by the Telephone Company, on the Motor Mart, Bowdoin Square Garage, on various bank and hospital buildings. He has appraised all real estate holdings of the Bay State Street Railway north of Boston, has appraised buildings of Stevens Arms Company of Chicopee, of Viscoloid Company in Leominster; has also appraised residences. He made several examinations of the Walsh house from foundations to roof. He was familiar with the reading of plans of architects. He had supervised a great deal of plastering work. He examined samples of plaster taken from parts of the Walsh building where cracks existed. . . . [his] own experience as a builder on his own account was in building some garages after the World War and upon a house in Auburndale owned by his brother, as to which . . . [he] did not act as builder under the permit. . . . [his] school training was University Extension of Brown University, at Lowell Institute, four years at Mechanic Arts High School,

some correspondence school work. He has no degree in engineering. He testified in detail and at length as to matters of framing, foundations, plastering and finish and impressed me as having knowledge of these matters."

Other material facts found by the auditor, and evidence admitted and excluded by him, are stated in the opinion. The action thereafter was heard without a jury by *Fosdick*, J., who denied a motion by the defendant to recommit the action to the auditor, and ordered judgment for the plaintiff in the sum of $4,900. The defendant alleged exceptions. The plaintiff made the following statement in his brief filed in this court:

"There is, however, a manifest error in the amount of the judgment entered for the plaintiff. The true statement of the situation appears to be as follows:

| | |
|---|---|
| Value of the house if completed in accordance with the contract | $13,400.00 |
| Value of the house as completed | 8,700.00 |
| Difference | $4,700.00 |
| The amount paid by the plaintiff for various items, omitted by defendant | 299.41 |
| Total | $4,999.41 |

"There is, however, omitted from the calculations which resulted in the amount for which judgment was entered, the sum of $900, being the final payment to be made to the contractor under the terms of the contract (record, p. 3), and which was not paid. This apparently should be deducted from the above total, leaving a balance of $4,099.41, with interest from the date of the writ.

"It is obvious that this was not called to the attention of counsel or the court below."

The case was submitted on briefs.

*E. M. Dangel, E. J. Ziegler, & J. J. Holtz,* for the defendant.

*W. P. Murray, L. A. Mayberry, & R. Gallagher,* for the plaintiff.

FIELD, J. This is an action of contract brought in the Superior Court by an owner of land against a builder to recover damages for breach of a written agreement to erect a dwelling house thereon. The case was referred to an auditor whose findings of fact were to be final. The trial judge denied the defendant's motion to recommit the report to the auditor and ordered judgment for the plaintiff for $4,900, with interest from the date of the writ, and the defendant excepted.

The auditor found that the defendant entered into a contract with the plaintiff to build a dwelling house for the plaintiff to be completed in October, 1926, for $13,400, payable in instalments, that the plaintiff fully performed his part of the contract except the payment of the last instalment of $900, which amount he contends he is not required to pay because of nonperformance by the defendant, that because of the defendant's "failure to build according to the plans and specifications serious defects resulted in the finished house," that "if the house had been constructed according to the contract, plans and specifications, it would have been of the fair market value of $13,400 at the time fixed for completion in October 1926," that "the fair market value of the house at the time fixed for completion . . . was $8,700," that, if material, "it would have cost in October, 1926, at least $4,000 to tear down parts of the structure and rebuild it to accord with the terms of the contract, specifications and plans," but "it would not be practicable and economical to make all alterations necessary to make the house conform" thereto, that the plaintiff actually expended $299.41, the reasonable cost of remedying certain minor defects, that he "made his last payment on October 23, 1926, then telling . . . [the defendant] that the house was in an unsatisfactory condition," and the defendant then gave the plaintiff "a receipt . . . which indicated that . . . [the plaintiff] paid with reservations," and that the plaintiff "moved into the house about October 28, 1926," "about the time the house was completed."

The contract provided that payments should be made

by the owner, the plaintiff here, "only upon certificates of the Architects" and should be "due when certificates for the same are issued," but that "no certificate given or payment made . . . , except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and . . . no payment shall be construed to be an acceptance of defective work or improper materials." There was also a section in the contract like that considered in *Loftus* v. *Jorjorian*, 194 Mass. 165, 168 (see also *White* v. *Abbott*, 188 Mass. 99, 100, 101, *Norcross Brothers Co.* v. *Vose*, 199 Mass. 81, 84, 85), authorizing the plaintiff upon default of the defendant, certified by the architect, to furnish labor or materials required by the contract or terminate the employment of the defendant and complete the work included in the contract, and providing that the "expense incurred by the Owner . . . , either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the Architects, whose certificate thereof shall be conclusive upon the parties," and a section providing for arbitration if the "Owner and Contractor fail to agree in relation to matters of payment" or other matters not here material.

The auditor found that the "architect did not supervise construction or issue certificates," that he "had not supervised the work in its progress nor had he followed it in its progress, although he saw the house a few times while it was being built," and that there was no evidence that the plaintiff "asked the architect to supervise" or that the defendant "took any action about supervision by the architect." It was not found that any matter was submitted to arbitration.

1. There was no error in the denial of the motion to recommit.

No ground for recommitting the report is shown by the record outside the report itself. It was within the judicial discretion to refuse to recommit the report on the ground of its form. In this aspect the refusal to recommit did not amount to a ruling of law. See *Koch, petitioner,*

225 Mass. 148, 150.    *W. R. Grace & Co.* v. *National Whole-sale Grocery Co. Inc.* 251 Mass. 251, 253.    The defendant's contention that the report is incomplete because it does not set forth the contract as to which a question of interpretation is raised, is without foundation.    A copy of a contract is attached to the declaration.    This is sufficiently identified in the report as a copy of the contract made by the parties and is embodied in the report by reference. Nor can we say that the report does not set forth the provisions of the plans and specifications sufficiently to present the questions of law in issue.    Recommittal because of the refusal of the auditor to reopen the case "for the purpose of hearing new and additional testimony" was discretionary with the trial judge (see *Wells* v. *Wells,* 209 Mass. 282, 291, *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc. supra*) and no abuse of discretion is shown.

Rulings by the auditor as to the admission and exclusion of evidence are reviewable by us on the exception to the denial of the motion to recommit.    *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 348 and cases cited.    In these respects, however, no error appears.

The defendant's offer to show a statement by the architect of the amount which, in his opinion, should be allowed by the defendant to the plaintiff for defects and the amount which should be paid by the plaintiff to the defendant for extras, was excluded rightly.    The statement did not purport to be an architect's certificate within the meaning of the contract.    See *Hennebique Construction Co.* v. *Boston Cold Storage & Terminal Co.* 230 Mass. 456, 462.    This evidence was merely hearsay as to the architect's opinion.

An engineer, called by the plaintiff, was permitted to testify as an expert.    Some of his testimony, according to the report, was disregarded by the auditor.    The question, therefore, whether, if this testimony was admitted wrongly, the report should be permitted to stand was not a matter of law reviewable here, but a matter solely within the discretion of the trial judge.    *Chelmsford Foundry Co.* v. *Shepard,* 206 Mass. 102, 108.    The other testimony of this witness that "he thought the house was then worth $9,000"

and "it would, in his opinion, cost $4,000 to make the house conform to plans and specifications, made up in part of $500 to correct the roof and $1,500 to cure the paint and plaster trouble," was admitted properly. We cannot say, on the findings as to his qualifications, that he was not qualified to give this testimony. His opinion as to the value of the house was material on the issue of its value as left by the builder, an element in the measure of damages. *Pelatowski* v. *Black*, 213 Mass. 428, 430, 431. See *infra*. The defendant did not object to the testimony of this witness as to the cost of making the house conform to the plans and specifications, except on the ground that he was not qualified to testify, or to the admission of any of his testimony as immaterial because of the provisions of the contract as to an architect's certificate. Similar considerations apply to the admission by the auditor, over the defendant's objection, of other "evidence of the fair market value of the house as a structure on the date set for completion in October, 1926."

2. There was no error in ordering judgment for the plaintiff, but judgment should have been ordered for $3,800 with interest instead of for $4,900 with interest.

The auditor's findings of fact stand upon the same footing as the verdict of a jury (*Lunn & Sweet Co.* v. *Wolfman, supra*), and no "cause appears or is shown to the contrary" why judgment should not be entered thereon, under Common Law Rule 30 (1923) of the Superior Court. See *Marden* v. *Howard*, 242 Mass. 350, 353, 355. The auditor found a breach of the contract by the defendant and the elements of the plaintiff's damages resulting therefrom. The defendant contends, however, that an architect's certificate of the damages incurred by the plaintiff by reason of the defendant's defaults, was a condition precedent to recovery by the plaintiff and that excuse for its absence was not pleaded or proved. Under the contract such defaults were to be considered by the architect in preparing his certificates for payments by the owner, but no such certificate except a final one was to be conclusive evidence of performance of the contract, wholly or in part.

*Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 95, explained in *Hathaway* v. *Stone,* 215 Mass. 212, 218.   The only provision, however, for a certificate of damages incurred by reason of the defendant's defaults, as such, is that above set forth, applicable only where the plaintiff upon default of the defendant, certified by the architect, furnishes labor or materials required by the contract or terminates the employment of the defendant and completes the work included in the contract.   The plaintiff, unlike the owners in *White* v. *Abbott,* 188 Mass. 99, and *Loftus* v. *Jorjorian,* 194 Mass. 165, has not resorted to this remedy, and this provision for a certificate, therefore, is not applicable to this case.   The defendant purports to have completed the house, though no certificate for payment, final or otherwise, has been issued, and the plaintiff contends that the defendant did not build it according to the terms of the contract.   In these circumstances an architect's certificate of damages due to the defendant's defaults is not a condition precedent to recovery by the plaintiff and need not be pleaded or proved.   *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81.   Nor is submission to arbitration made by the contract a condition precedent to the right to sue.   Consequently such submission need not be shown, even if it is assumed that the question at issue is one of those covered by the provision for arbitration.   *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 94.   *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 9.

The case does not appear to have been tried, and was not argued, on the theory that there was any "intentional departure from the contract in a material matter."   *Divito* v. *Uto,* 253 Mass. 239, 243.   See also *Smedley* v. *Walden,* 246 Mass. 393, 400.   Hence, the sum to be recovered as damages, if the full contract price had been paid, would be "the amount by which the value of the house as left by the . . . [builder] fell short of what that value would have been if the contract had been exactly performed."   *Pelatowski* v. *Black,* 213 Mass. 428, 430, 431.   See also *Moulton* v. *McOwen,* 103 Mass. 587, 591, 598; *Norway Plains Savings Bank* v. *Moors,* 134 Mass. 129, 135; *White*

v. *McLaren*, 151 Mass. 553, 557, 558. Compare *Gillis* v. *Cobe*, 177 Mass. 584. Williston, Contracts, §§ 1480–1483, 1485. It has been suggested that this rule of damages is applicable when the defects are "of such a character as to diminish the value of the house but little, while to make the work conform literally to the contract would involve reconstruction at unreasonable and disproportionate expense." *White* v. *McLaren*, 151 Mass. 553, 558. See also *Gleason* v. *Smith*, 9 Cush. 484, 486, 487. This rule, however, is equally applicable where, as the auditor found in this case, though the value of the house is materially diminished by the defects it is so built that "it would not be practicable and economical" to alter it so as to conform to the contract. This conclusion by the auditor is not necessarily inconsistent with his findings, that the value of the house was diminished by the defects to the extent of $4,700 and that it would have cost "at least $4,000" to alter it so as to conform to the contract. The auditor does not purport to determine precisely the cost of such alterations, but merely fixes the minimum limit thereto. The measure of damages urged upon us by the defendant, namely, that the amount to be deducted from the contract price is the "reasonable cost of completing the work," is not applicable to the situation disclosed by the findings. It was pointed out in *Pelatowski* v. *Black*, 213 Mass. 428, 431, that this "well might be" the measure in a case "where a contractor has abandoned his work while yet unfinished, or has left undone some details merely which he ought to have supplied." See also *Gleason* v. *Smith*, 9 Cush. 484, 487. This, however, is not such a case. Here the house was substantially completed and could not be made to conform to the contract without tearing down a considerable part of it.

According to the rule of damages applicable here the amount to be deducted from the contract price was $4,700, the amount by which $8,700, the value of the house as left by the defendant in October, 1926, fell short of $13,400, the value (as found by the auditor, and not unsupported, as the defendant contends, see *Parks* v. *Boston*, 15 Pick. 198, 209, *Westport* v. *County Commissioners*, 246 Mass.

556, 563) which the house would have had if the contract had been exactly performed. As the sum of the plaintiff's payments on the contract was $900 less than the contract price, the amount otherwise to be recovered by him should have been reduced accordingly, that is, judgment should have been entered for $3,800 and interest from the date of the writ. No further adjustment was required on account of expenditures by the plaintiff, as found by the auditor, aggregating $299.41, for remedying minor defects. These defects were remedied, so far as shown by the report, after the date as of which the value of the house as built was found to be $8,700.

It follows that the defendant's exception to the denial of his motion to recommit the report must be overruled, but his exception to the order of judgment for the plaintiff for $4,900 with interest from the date of the writ must be sustained. As, however, "all the facts necessary for determining the question in dispute" are before us, and from them it appears that judgment should be entered for the plaintiff for $3,800 with interest from the date of the writ, under authority of G. L. c. 231, § 124, such judgment is to be entered.

*So ordered.*