Toomey, J.
Plaintiffs, John J. Bean and Jodye H. Rouisse (Bean and Rouisse), bring this action against the defendant, Cy Realty Corporation (Cy), for breach of contract (Count I) and violation of G.L.c. 93A (Count II). Bean and Rouisse contend that Cy breached a purchase and sale agreement by defectively constructing the foundation of a house Cy promised to build as part of the agreement. Both parties move for summary judgment pursuant to Mass.R.Civ.P. 56.
BACKGROUND
On July 28, 1993, Bean and Rouisse entered into a purchase and sale agreement with Cy. (Plaintiffs Ex. A.) Under the agreement, Cy was to convey lot #31 located on Farm Hill Road in Leominster, Massachusetts and construct a single family home on the lot. The agreement incorporated building plans and specifications for the home. Bean and Rouisse agreed to pay $165,000 for the land and home. Paragraph 27 of the agreement stated specifically that the written purchase and sale agreement was á fully integrated contract which encompassed the complete agreement between the parties.
On September 16, 1993, Bean and Rouisse visited the site and discovered that Cy, unilaterally and without the consent, knowledge or approval of Bean or Rouisse, had constructed the foundation in a manner not in conformity with the agreed upon building plans. When Cy poured the foundation for the house, he did not follow the contract specifications, reversing the location of the garage and house with the result that the driveway would be on the uphill side of the lot. The plans had required that the foundation have a right/left orientation, but the foundation as constructed possessed a left/right orientation. Bean and Rouisse immediately filed suit for breach of contract and violation of G.L.c. 93A, but did not send a G.L.c. 93A demand letter.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
I. Breach of Contract (Count I)
Bean and Rouisse claim they are entitled to specific performance and damages because Cy did not erect the foundation in conformity with the purchase and sales agreement. The parties do not dispute that the foundation has a left/right orientation, contrary to the agreed upon building plans. The contract is, in pertinent part, unambiguous, and there is no genuine issue of material fact as to Cy’s breach thereof. Such an agreement “must be enforced according to its terms.” Schwonbeck v. Federal Mogal Corp., 412 Mass. 703, 706 (1992).
The conventional remedy for the breach of a construction contract by reason of a contractor’s defective work is to permit the owner of the land to recover the reasonable costs of remedying the defect. Bachman v. Parkin, 19 Mass.App.Ct. 908, 909 (1984). Where the house is substantially completed and could not be made to conform to the contract without considerable surgery, the measure of damages would be the difference in the value of the house as left by the builder and the value the house would have possessed had the contract been performed in accordance with its terms. See Walsh v. Cornwell, 272 Mass. 555, 563-64 (1983) (discussing measurement of damages for a contractor’s breach and the necessity to prevent unreasonable economic waste).
In the case at bar, however, only the foundation has been erected; the house has not been substantially completed. There will be no unreasonable economic waste if Cy is compelled to alter the foundation to comport with the plans as to which the parties have contracted. Because Cy is the building contractor and remains in possession of the property, a requirement that Cy re-construct the foundation to conform to the terms of the contract is both realistic and equitable. Accordingly, Bean and Rouisse are entitled to specific performance, and Cy shall construct a foundation on the property consistent with the contract’s plan.
II. General Laws c. 93A (Count II)
Bean and Rouisse contend that Cy’s conduct amounts to a violation of G.L.c. 93A and that they are entitled to double or treble monetary damages. They did not, however, send a demand letter to Cy thirty days before commencing the action, as mandated by G.L.c. 93A, §9(3).
A demand letter, listing the alleged specific unfair or deceptive practices of defendant, is a prerequisite to a G.L.c. 93A suit and, as a special element, must be charged and proved. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 287 (1985); Linthicum v. Archambault, 379 Mass. 381, 384-85 (1979). Because no demand letter is asserted to have been served on Cy and because there is no evidence that one was *576 received by Cy, Cy is entitled, as a matter of law, to summary judgment on Count II.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ motion for summary judgment be ALLOWED as to Count I, and the defendant is ordered to perform specifically its contractual obligations by constructing the foundation of the house in accordance with the building plans of the contract. It is further ORDERED that the defendant’s motion for summary judgment on Count II be ALLOWED.